In the Matter of the Estate of JOSEPH PULITZER, Deceased.

Surrogate's Court, New York County, June 10, 1931.

*Jenks & Rogers* [*Gustavus A. Rogers* and *Benjamin Pollack* of counsel], for Barrett and Gilroy, applicants.

*Jackson, Fuller, Nash & Brophy*, for Ralph Pulitzer and other respondents.

*Roger H. Bacon*, for Ralph Pulitzer, Joseph Pulitzer, Jr., and Herbert Pulitzer.

*Thomas I. Sheridan*, special guardian of female infants.

*Vincent L. Leibell*, special guardian of male infants.

FOLEY, S. In this supplemental decision to my original opinion (*Matter of Pulitzer*, 139 Misc. 575), the questions involved are purely and solely questions of law and must be disposed of as such. (*Matter of Cook*, 244 N. Y. 63; *Matter of Fox*, 166 App. Div. 718; *Matter of Leslie*, 175 id. 108, 112.) I am required to hold that the applicants, James W. Barrett and Foster Gilroy, have no legal or equitable interest or right to intervene in this proceeding because of the following reasons:

(1) As to the income of the trust, they were never designated as beneficiaries by the trustees under the discretion and authority vested in the trustees by the terms of Mr. Pulitzer's will and codicils.

(2) Even those persons who were designated as recipients by the trustees had no right to intervene in an accounting or other appropriate proceeding. Under the terms of the will and the course of administration of the trust, those designated were only entitled to specified amounts at specified times out of the one-tenth income of the trust. The designations were not permanent or continuing. This method of administration was approved by the Supreme Court in prior accountings.

(3) The discretion or authority conferred upon the trustees to select persons within the class of " principal Editors and Managers " was not subject to review or interference by the courts, excepting where fraud, or diversion by the trustees with respect to the one-tenth income might have been established. (*Ireland* v. *Ireland*, 84 N. Y. 321; *Matter of Hilton*, 174 App. Div. 193; *Hamilton* v. *Drogo*, 241 N. Y. 401, 404; *Matter of Southworth*, 164 App. Div. 825.) The trustees have shown in their account and in the supplemental analysis of the distribution, that in the division of the income from the entire trust the group of principal editors and managers have been actually overpaid to the extent of $6,000. Accordingly, the sons of the testator, who were the designated life tenants,

have received that much less than their share of nine-tenths of the entire income.

(4) In so far as the alleged interest of the applicants in the principal of the trust is concerned, they are concededly no longer in the service of the Press Publishing Company. No editor or manager can be deemed, under the terms of the will and the codicils, to be a party interested in the principal of the trust. The trust has not terminated and the absolute discretion vested in the trustees by Mr. Pulitzer, at the expiration of the trust, to sell part of the stock to one or more of the class of editors or managers confers upon the latter no past, present or future legal or equitable interest in the estate. The testamentary provisions only authorized a sale of the stock. They gave to none of the editors or managers any right to participate in the distribution of the proceeds of the sale or of any part of the trust property.

(5) The standing of the applicants as employees and not as beneficiaries of the trust is controlled by the decision of the Court of Appeals in *Matter of Allen* (236 N. Y. 503, affg., 202 App. Div. 810, which affirmed 111 Misc. 93 upon the opinion of Mr. Surrogate SLATER).

No allowance as costs or counsel fees can be made by the surrogate to the attorneys for the applicants, under the provisions of the Surrogate's Court Act, since the applicants are not persons interested, within the meaning of section 259. Such an allowance would be an improper and unauthorized diversion of the funds of the infants who will be the ultimate beneficiaries of the trust property.

The motion to strike out the applicants' notices of appearance must, therefore, be granted. Submit supplemental decree on notice accordingly.