In the Matter of the Construction of the Will of PASCAL P. JONES, Deceased.

Surrogate's Court, Erie County, April 5, 1948.

*Andrew B. Gilfilan* for G. Barrett Rich and others, petitioners.

*D. Rumsey Wheeler* for Buffalo General Hospital, respondent.

*Nathaniel L. Goldstein, Attornel-General (Michael Geraci* of counsel), for State of New York.

BUSCAGLIA, S. This is a petition asking for the construction of subdivision 1 of paragraph twenty-sixth of the last will and testament of Pascal Pratt Jones, the decedent herein.

Subdivision 1 of paragraph twenty-sixth is as follows: " To Buffalo General Hospital the sum of Twenty thousand dollars ($20,000.00), to endow two (2) beds to be known as the ' North Presbyterian Church Beds ', and to be used by such persons as may from time to time be designated by said North Presbyterian Church."

Grace Rich joins in the petition because she is an alleged designee of the North Presbyterian Church. G. Barrett Rich, her husband, who is responsible for any medical or hospital expenses of his wife, likewise joins in the petition, as does the North Presbyterian Church, the institution given the privilege under the provisions of subdivision 1 of paragraph twenty-sixth of the decedent's will to designate the persons to receive the benefit of the endowment.

The respondent, moving for a dismissal, opposes this petition on the grounds that under subdivision 10 of section 314 of the Surrogate's Court Act, the petitioners are not persons interested as beneficiaries in this estate and therefore should not be permitted to invoke the jurisdiction of this court by asking for a construction of the will.

The petitioners contend that the provisions of section 145 of the Surrogate's Court Act are sufficiently broad to embrace the petitioners as proper parties interested, so as to entitle them to the relief sought herein; that the court has discretionary, inherent powers to retain jurisdiction and proceed to construe the will; that because the Attorney-General appeared in this proceeding that this is sufficient to sustain the jurisdiction of the court in this matter.

The court will deal with the petitioners' contentions in their inverse order.

It may well be in some cases that the appearance of the Attorney-General is sufficient to sustain the jurisdiction of the court in this type of proceeding. It might have been so in this case had the Attorney-General taken any affirmative steps under subdivision 3 of section 12 of the Personal Property Law to represent any of the parties concerned or made any serious attempt to enforce the provisions of the will in question. In the instant case, the interest of the Attorney-General is a mere passive one, as indicated by his correspondence and by his subsequent failure to intervene and take a position one way or the other with respect to this proceeding. The Attorney-General has appeared generally and only because citation was served upon him by the petitioners. In the opinion of this court, the type of interest evinced by the Attorney-General in this

proceeding is not sufficient to authorize the court to retain jurisdiction.

While the court agrees that it has inherent discretionary power to retain jurisdiction in this matter, it sees no necessity to do so in this case. Subdivision 1 of paragraph twenty-sixth seems to mean exactly what it says. Its provisions appear to the court at this time to be clear, unequivocal and free from ambiguity. Therefore, the court refuses to retain jurisdiction based on this ground.

Lastly, the court holds that the petitioner, Grace Rich, and her husband, G. Barrett Rich, are not such parties interested either under section 145 or subdivision 10 of section 314 of the Surrogate's Court Act as to allow them to join in such a petition. Their interest is too remote. On the other hand, the North Presbyterian Church, being expressly named by the testator, must be considered a party upon whom the decedent wished, either directly or indirectly, to bestow his bounty. The church, therefore, is such a party interested, in the opinion of this court, both under section 145 and subdivision 10 of section 314 of the Surrogate's Court Act entitled to the right to ask for a construction of the will. The privilege granted to it in subdivision 1 of paragraph twenty-sixth of the will, to select persons presumably from its congregation or elsewhere perhaps, is something of real value and benefit to the church and, therefore, may properly be considered such a party in interest as may bring this proceeding.

The motion of the respondent is granted as to Grace Rich and G. Barrett Rich, her husband, and denied as to the North Presbyterian Church.