FRANK W. BALLUFFI et al., on Their Own Behalf and on Behalf of the Contributors to the SONS OF VETERANS, DE LANCY COLE CAMP'S HISTORICAL BUILDING AND MUSEUM FUND, Plaintiffs, *v.* HAROLD MONTROSS et al., Individually and as Commander, Trustees and Officers of DE LANCY COLE CAMP No. 78, SONS OF VETERANS, INC., PEEKSKILL, N. Y., et al., Defendants.

Supreme Court, Special Term, Westchester County, December 27, 1950.

*Myles J. Holley* for defendants.

*Pines & Sterling* for plaintiffs.

DAVIS, J. In an action to impress a trust upon certain funds or the proceeds thereof, representing contributions solicited for the erection of a building in the city of Peekskill as a permanent memorial for war veterans, defendants move to dismiss the complaint under rule 106 of the Rules of Civil Practice, and for certain other relief.

The motion to dismiss the complaint is granted. The Attorney-General of the State of New York is charged with the responsibility of enforcing charitable trusts. (Personal Property Law, § 12, subd. 3.) Plaintiffs have no such special interest as beneficiaries of such trust as would permit them to maintain an action for its enforcement. (3 Scott on Trusts, § 391, p. 2054; see, also, *Matter of Herman [Ten Broeck Free Academy]*, 177 Misc. 276.) In *Elliott* v. *Teachers College* (N. Y. L. J., June 12, 1941, p. 2643, col. 1) a motion to dismiss on the ground that the plaintiffs lacked legal capacity to main-

tain the action was denied where the Attorney-General had been joined as a party defendant and had asked for a declaration of rights.

If the purposes for which the contributions were made were abandoned, the contributors, if they so elected, would have the right to demand full restitution from the recipients of the funds. (*Rector of Church of Redeemer* v. *Crawford,* 43 N. Y. 476; *First Church of Christ Scientist* v. *Schreck,* 70 Misc. 645; *Commercial Travelers' Home Assn.* v. *McNamara.* 95 App. Div. 1.)

Settle order on notice.