George Frankenthaler, S.
The respondents James Foundation of New York, Inc., and the individuals acting as trustees thereof, move to dismiss the cross petitions of three other respondents in this construction proceeding on the ground that the pleadings fail to state facts sufficient to constitute a cause of action. (Bules Civ. Prac., rule 106.) A similar motion directed against the petition was heretofore denied (119 N. Y. S. 2d 259). It is conceded that the reasoning of that decision applies to the present motion insofar as respondents Christodora House and First Presbyterian Church of the City of New York are concerned. The motion is, therefore, denied with respect to these two cross petitioners.
The remaining cross petitioner is National Board of the Young Women’s Christian Association of the U. S. A. (sometimes referred to as Y. W. C. A.). Unlike the petitioner and the other cross petitioners, Y. W. C. A. is not named in the will. It is described in the main petition only as one ‘ ‘ claiming an interest under Paragraph Ninth of [the] Will”. The first portion of paragraph ninth deals with approximately one half of the income and its division and distribution among the 17 named charities. With respect to the remaining income, the will provides: “It is my further wish and desire that, as to the remaining income from principal funds available to said foundation for distribution, the trustees or directors of said foundation shall devote the same, from time to time, to furthering the work of institutions organized solely for charitable, religious or educational purposes of the same general character of those hereinabove designated.” One of the institutions chosen pur *1064 suant to this authority was Y. W. C. A. Between 1943 and 1948 it received substantial amounts each year. In 1949 and thereafter the Foundation made no payments of any kind to this charity.
The cross petition alleges that the “ discontinuance of annual income payments to respondent by the Foundation was arbitrary, unjustified and capricious and upon information and belief was designed to penalize respondent for having acted in conjunction with other aggrieved parties to compel the Foundation to disgorge large sums of money wrongfully obtained by the Foundation from the estate of Arthur Curtiss James at the expense of the estate of Harriet Par-sons James (wife of Arthur Curtiss James) and the legatees under her will of which respondent, National Board Y. W. C. A. was one.” It asks that the will be construed to determine the share of income and principal to which it has been, is and will be entitled and the area within which the Foundation may exercise discretion to discontinue payments to an institution theretofore selected by it as one “ organized solely for charitable, religious or educational purposes of the same general character as those # * * designated ’ ’ in the will.
The presence of the cross petitioner is not necessary for the complete determination of the questions raised by the petition. Although the cross petitioner states that it is joining in the prayer of the petition for a construction of the will, the question of construction which it attempts to raise is quite different from those presented by the petition and by the other cross petitions. There the primary issue is whether the provisions relating to payments to certain named charities are mandatory or merely precatory and, if mandatory, the second question is whether the Foundation has a limited or a broad discretion to discontinue payments. Here there can be no question of any mandate in the will to make a disbursement of income to Y. W. C. A. This cross petitioner will, therefore, have no interest in the primary question presented by the other petitions.
At first glance the cross petition of Y. W. C. A. would appear to present the same issue as is raised by the petition respecting discontinuance of payments. The cross petition alleges that by virtue of the payment of income for six consecutive years, Y. W. C. A. acquired a right to receive income and principal just as if named in the will and ‘ ‘ that the discretionary power to discontinue payments may be exercised only when the trustees of the Foundation find as a fact that the status of a beneficiary has so changed, and so -changed its charitable, religious and educational purposes, as to justify such discontinuance.” *1065 However, the text of the will quoted in the cross petition explicitly refers to the ‘ ‘ authority of the board of directors or trustees of the proposed foundation to discontinue distributions to any of the institutions hereinabove specified in this paragraph ninth of my said will.” (Emphasis added.) This cross petitioner is not one of the institutions “ hereinabove specified ” in the will.
The cross petitioner, therefore, has no interest in any of the questions of construction presented by the petitioner or by the other cross petitioners. Its status is in reality that of an independent petitioner who seeks to raise new and different questions of construction. It must satisfy the court that it is a “ person interested in obtaining a determination as to the * * * construction or effect of any disposition of property contained ’ ’ in this will (Surrogate’s Ct. Act, § 145).
In weighing the arguments of the contending parties, we must bear in mind the difference between a proceeding to construe a will and a proceeding to enforce a charitable trust.
In the construction advanced in its formal pleading, the cross petitioner claims that when the trustees of the Foundation exercised the power to select charitable institutions to receive portions of the income and thereafter continued to make the payments for six consecutive years, Y. W. C. A. acquired the right to continue to receive income and principal just as though it had been explicitly named in the will. It alleges that beneficiaries so selected cannot be deprived of a share in annual income “ except for proper cause.” The cross petitioner concedes that the trustees are vested with a discretionary power to discontinue payments but it claims that ‘ ‘ it appears from the scheme of the will and the context in which such power is granted, that the discretionary power to discontinue payments may be exercised only when the trustees of the Foundation find as a fact that the status of a beneficiary has so changed, and so changed its charitable, religious and educational purposes, as to justify such discontinuance.”
The cross petitioner cannot point to any text of the will which so limits the discretion of the trustees in relation to institutions selected by them. Such a limitation, it says, is imposed by the general charitable plan of the testator. A practicable execution of this plan, it is argued, requires that an institution once selected may be eliminated from participating only if it disqualifies itself by changing its aims and purposes. The implication of any such limitation, however, not only does violence to the language of the will but it is contrary to the general plan and spirit of the will which the cross petitioner invokes.
*1066 The will expresses the wish that the trustees shall devote the remaining income “ from time to time, to furthering the work ” of charities of the same general character as those named by him. The words chosen by the testator indicate that he expected continued vigilance by the trustees and informed judgments made from time to time, rather than a single determination from which future payments would proceed automatically. In adverting to authority to “ discontinue ” payments to-a charity, the testator explicitly referred only to “ the institutions herein-above specified”, thus further emphasizing the thought that, although with respect to specified charities, the trustees might rely solely upon the testator’s expressed wish until affirmative action of discontinuance were taken, with respect to selected charities repeated affirmative action would be necessary in order to continue payments. It is obvious, too, that a change in the. plan of distribution to selected charities might be dictated not by any fault on the part of or change in a selected charity but by the greater need or superior merit of a new institution whose inclusion displaces an earlier choice. Finally the concluding sentence of paragraph ninth, which explicitly expresses an intent not to limit or control the discretion of the trustees, will hardly permit the implication of a contrary intent which has no support in any language in the will. “ [Words] may not be perverted or disregarded in order to give effect to an intention which possibly the testator may have had but which is not revealed by the language used in the will.” (Matter of Nelson, 268 N. Y. 255, 258; Central Union Trust Co. v. Trimble, 255 N. Y. 88, 93.)
In its argument on this motion, the cross petitioner does not rest its entire case upon the theory of construction set forth in its pleading. Its principal argument, repeated throughout its brief, is that having selected Y. W. C. A. as the recipient of income and therefore ultimately of an endowment of principal, “ that selection could not be abrogated in bad faith and in the vindictive manner alleged in the cross-petition ”, There is thus implicit recognition that the trustees of the Foundation could exercise discretion to discontinue payments if they act in good faith and for a justifiable reason. What the cross petitioner in reality asks the court to do is to review the action of the trustees in refusing to continue to make distribution to it. The question thus is really one of enforcing a charitable trust and not one of construction of the will.
The court holds that the petitioner is not a person ‘1 interested in obtaining ’ ’ a construction of the will within the meaning of the statute. (Surrogate’s Ct. Act, § 145; Matter of Pulitzer, *1067 140 Misc. 572, affd. 237 App. Div. 808; Matter of Hayden, 199 Misc. 721, 727, 199 Misc. 1097, 1101: Matter of Jones, 191 Misc. 617, 619; 4 Page, Wills, p. 591.) Petitioner is a person whose original selection or continued eligibility depends upon the judgment and discretion of the trustees of the Foundation. It invokes the jurisdiction of this court on the theory that a question of construction of a will is involved, but no real question of construction of the will is presented by the cross petitioner. One who seeks to put interested parties to the expense of litigating a new question of construction must satisfy the court that he has a financial interest in a real question of construction. The cross petitioner has failed to satisfy the court on this point.
It requires no construction of a will to say that trustees of a charitable foundation cannot exercise discretion in bad faith, or out of vindictiveness or malice. No person who acts in a fiduciary capacity may so administer a fund entrusted to him. True, a gift to a charitable corporation is not a trust in the technical sense of the word, and the corporation is not bound by all the rules and limitations applicable to a trustee. Nonetheless, it cannot divert a gift from the purpose for which it received it (St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115, 123), and its officers, like the officers of any corporation, are fiduciaries who are bound to act loyally and honestly in its best interests. A discretion reposed in the officers must be honestly exercised.
The general rule is that charitable trusts or gifts to charitable corporations for stated purposes are enforcible at the instance of the Attorney-General. (St. Joseph’s Hosp. v. Bennett, supra; Matter of Durbrow, 245 N. Y. 469, 477; Associate Alumni v. General Theol. Seminary, 163 N. Y. 417, 422; Matter of Lachat, 184 Misc. 486; Balluffi v. Montross, 199 Misc. 220; Rothschild v. Goldenberg, 58 App. Div. 499, 501; 3 Scott, Trusts, § 391; Restatement, Trusts, § 391; 2A Bogert, Trusts, § 414.) It matters not whether the gift is absolute or in trust-or whether a technical condition is attached to the gift. Equity ‘ ‘ will afford protection to a donor to a charitable corporation in that the Attorney-General may maintain a suit to compel the property to be held for the charitable purpose for which it was given to the corporation.” (Matter of Lachat, supra, p. 491; St. Joseph’s Hosp. v. Bennett, supra.) Persons having a special interest are sometimes permitted to maintain a suit to enforce a charitable trust (3 Scott, Trusts, § 391; Restatement, Trusts, § 391; Associate Alumni v. General Theol. Seminary, supra; Herman v. Brooklyn Sav. Bank, 196 App. Div. 269, 272) but those who can enjoy the status of beneficiary only when selected by the trustees are generally hold to have no right to initiate a *1068 proceeding. (Matter of Herman [Ten Broeck Free Academy], 177 Misc. 276, 281; Balluffi v. Montross, supra; New York Female Assn. v. Beekman, 21 Barb. 565.) “If a third person were permitted to sue as a matter of right it would be possible to subject the charity to harassing litigation. * * * The mere fact that a person may in the discretion of the trustee become a recipient of a benefit under the trust does not entitle him to maintain a suit for the enforcement of the trust.” (3 Scott, Trusts, p. 2056-2057.) It is sometimes held that, even where plaintiff has not such an interest as would justify initiating a proceeding, the action is properly brought if the Attorney-General is a party respondent and his answer demands enforcement of the trust. (See Balluffi v. Montross, supra.). Here the Attorney-General has filed no formal pleading.
' However, even if the cross petitioner, by virtue of previous distributions, had a special interest in the funds sufficient to give it standing as a petitioner, it could not maintain an action in this court to review the acts of the corporate officers. The gift to the Foundation was an outright gift and not a trust in the technical sense of the word, and upon distribution to the Foundation the formal administration of the estate was to that extent completed. (Matter of Miller, 257 N. Y. 349.) The Legislature has granted to the Surrogate’s Court jurisdiction to direct the execution of charitable gifts cy pres. (Personal Property Law, § 12, subd. 2; see, also, 1953 Report of N. Y. Law Rev. Comm., p. 639 et seq., relating to Application of Cy Pres Doctrine.) It has not, however, granted jurisdiction to the Surrogate’s Court to “ set itself up as a regulatory body over corporate action * * * Ample control over corporations in appropriate cases has been given to the Supreme Court.” (Matter of Pulitzer, 139 Misc. 575, 584, 585, affd. 237 App. Div. 808.) The cross petitioner charges the trustees and directors of the corporation with acting arbitrarily, maliciously and with intent to penalize cross petitioner rather than to carry out the charitable work of the corporation which they represent. Cross petitioner’s right of action, if any, is not one within the jurisdiction of this court. (See General Corporation Law, art. 6.)
The motion to dismiss the cross petition of Y. W. C. A. is granted. Submit order on notice.