Frankenthaler, S.
This proceeding has been brought for construction of certain provisions of the Fourth Article of testator’s will which article reads as follows:
Fourth : All the rest, residue and remainder of my estate of whatever nature, real, personal and mixed, which I may own or have the right to dispose of at the time of my decease, I hereby direct, shall be vested in a trust fund, *253 to be known, maintained and administered as the Martin MeVoy, Jr. Trust, the income from which to be disposed of as follows:
‘ (a) One third of the net annual income of said Trust shall be paid to my wife, Elsa Christen MeVoy, so long as she shall live.
‘ (b) One hundred dollars ($100.00) per month shall be paid to each of my unmarried sisters, Maud and Bess MeVoy, so long as they shall live.
* (c) Robert J. Wood, of my office, shall be offered continued employment, for not less than one year, upon the same terms and conditions as obtain at present.
‘ (d) The remainder of the two thirds of the net annual income of said Trust shall be administered forthwith to attain the primary intent and purpose of the trust, namely, to offer a prize or prizes for creative, original writing in the educational world, preferably in the field of metaphysics or business management, the terms and conditions of which to be named by me in a letter of instruction to be made a part hereof, or by the Trustees hereinafter designated. This prize to be known as the Martin MeVoy, Jr. Prize or Scholarship.
‘(e) I request my Executors to read my previous wills; if any of the beneficiaries named by me in such wills should come to want or be afflicted with serious illness, or otherwise be in financial distress, the Executors may donate moderate amounts to meet such emergency wants. During my lifetime I have fulfilled every obligation and done more than my share for relatives and connections.
‘ (f) Should any beneficiary make claim or take any action to erase, annul or defeat and discredit the provisions herein, I direct that he or she be excluded from any and all benefits under this my Last Will and Testament.
‘ (g) Upon the decease of those having life incomes hereunder, or the failure of the trustees hereunder, or their successors, to function for any reason, both principal and income covered in this will shall pass, in equal parts to Cornell University and the Alpha Delta Phi at Cornell (Cornell Chapter), both of Ithaca, New York, with the request that these two organizations, jointly or severally, shall carry out the defined purpose and plan of said Trust.’
The basic validity of this article was challenged in a prior proceeding upon the ground that it violated section 11 of the Personal Property Law, and section 42 of the Real Property Law, and at that time it was held that testator had created two separate valid trusts: one, consisting of one third of his residuary estate, measured upon the life of his widow, and the second, comprising the remaining two thirds of his residuary estate, measured upon the lives of his two sisters (106 N. Y. S. 2d 32). In the instant proceeding the petition asks that the effectiveness of subdivisions (d), (e) and (g) of the Fourth Article be determined.
It is alleged in the petition and it was established at a hearing that a letter of instructions of the character referred to in subdivision (d) could not be found after testator’s death. Testator died in January, 1949, and the inability to find a letter up to this time warrants the conclusion that the letter was not in existence when he died. Upon these facts a question of incor *254 poration by reference is not presented. Testator’s failure to leave a letter renders inoperative the reference in his will to a letter of instructions. His direction that his trustees name the terms and conditions for the award of prizes becomes operative, not merely as an alternative but as the sole effective direction regarding the formulation of terms and conditions.
Subdivision (e) of the Fourth Article of the will authorizes the executors, under stated conditions, to donate moderate sums to persons whom testator identifies only as beneficiaries named in his previous wills. No paper which might be claimed to be a previous will is now before the court. Beneficiaries under previous wills are not identified in the petition and have not been made parties to this proceeding. There would seem to be no occasion to make such persons parties inasmuch as their interests in the estate would arise only upon their selection by the executors. (Matter of Pulitzer, 140 Misc. 572, affd. 237 App. Div. 808; Matter of Jones, 191 Misc. 617; Matter of Hayden, 199 Misc. 1097.) Whether the request that the executors read previous will be regarded as mandatory or merely precatory, the exercise of any authority to make payments is left to the discretion of the executors. Testator did not fix a particular amount to be paid to any beneficiary but left this wholly within the judgment of the executors with the sole limitation that payments be in moderate amounts. The executors have not sought to exercise their authority and they do not indicate any desire to do so at a future time. Neither do the executors allege that any request for payment has been received by them. If the executors at any time determine to exercise the power for the benefit of a particular person, a determination as to the extent of their power and its applicability to such individual then can be obtained (Matter of Hayden, supra, p. 1102). Such determination will be binding upon the parties then before the court. It now cannot be said in the absence of a person who might be adversely affected by a decision that the authorization granted by testator is a nullity and is to be disregarded.
Subdivision (g) of the Fourth Article of the will disposes of the trust funds upon the deaths of the named income beneficiaries. A question as to the identity of one organization to whom trust principal is to pass arises from the fact that there are two fraternal organizations known as Alpha Delta Phi functioning at Cornell University. One organization is a membership corporation with the corporate name Alpha Delta Phi Fraternity at Cornell University. The members of this *255 corporation are the undergraduate members of Alpha Delta Phi fraternity and graduates who were members of the fraternity in their student days. The other organization is an unincorporated association composed of student members of the same fraternity. The corporation holds title to the real estate and the chapter house used by the fraternity and it pays the taxes and the insurance thereon. The house is rented by the corporation to the undergraduate association. Over a period of years testator was a member of the board of trustees of the corporation, chairman of this board, a member of the corporation’s executive committee and president of the corporation. The corporation was commonly referred to by its members as Alpha Delta Phi at Cornell, the designation testator employed in his will. Upon all the facts it appears certain that testator intended to name the corporation in his will.
A further question is presented as to whether the organizations named in subdivision (g) take trust funds as trustees, as absolute legatees or as legatees charged with a duty to use the funds in a manner designated in the will. Testator made these gifts “ with the request that these two organizations, jointly or severally, shall carry out the defined purpose and plan of said Trust ”. Little is to be gained by centering a search for testator’s intention upon the word “ request ”. That word has been construed as precatory (Foose v. Whitemore, 82 N. Y. 405; Matter of Keleman, 126 N. Y. 73; Clay v. Wood, 153 N. Y. 134; Matter of Murray, 124 App. Div. 548; Matter of Bouvier, 257 App. Div. 665; Matter of Endell, 192 Misc. 503, affd. 275 App. Div. 1029; Matter of Dieudonne, 186 Misc. 642), and as mandatory (Colton v. Colton, 127 U. S. 300; Riker v. Leo, 115 N. Y. 93, 98; Matter of Bluestein, 277 App. Div. 385, affd. 302 N. Y. 760; Matter of Geller, 201 Misc. 381; Matter of Daintrey, 125 Misc. 369; Matter of Stock, 51 N. Y. S. 2d 281).
An experienced will draftsman would not employ the word “ request ” in a will to express a command but a layman drawing his own will, as is the fact here, might intend the word as a mandatory direction. The word’s significance in a particular will depends upon not only the artistry of the draftsman but upon the word’s interpretation in the context, a construction of the will as a whole and consideration of the circumstances surrounding the testator.
The intention of this testator is to be found by a reading of the entire Fourth Article from which it appears that his purpose was to devote his residuary estate to the creation of prizes and ¡scholarships in his own memory. In subdivision (d) testator *256 stated that objective to be “ the primary intent and purpose of the trust This dominant purpose was subject only to the payment of income from one third of the residuary estate to his wife and the payment to two sisters of nominal sums from the balance of the income. These income payments operated to postpone the time, when testator’s major objective would be realized by the application of the entire residue to the awarding of prizes and scholarships. Testator directed that upon the deaths of the income beneficiaries “ both principal and income covered in this will shall pass ” to Cornell University and the fraternity. It is to be noted that testator used the word ‘' pass ’ ’ and did not say that he gave or bequeathed his property to these corporations and it is significant that this layman thought the property might pass to the corporations not only on the deaths of the named income beneficiaries but at an earlier date in the event of “ the failure of the trustees hereunder, or their successors, to function for any reason ”. It is apparent that testator, unaware that the trusts would not fail for want of a trustee, intended to protect against that possibility by authorizing the corporations to assume the administration of the trusts and to pay out income to his widow and his sisters. Testator made no distinction between the obligation of the corporations to administer the trusts during the lives of the named beneficiaries and the obligation of the corporations after the deaths of the named beneficiaries. In each situation such obligation was contained in the words “ with the request that these two organizations, jointly or severally, shall carry out the defined purpose and plan of such Trust ”. The purpose of the trusts and the purpose of passing the funds to the corporations was to provide prizes and scholarships. There is not the slightest indication that testator intended either the university or the fraternity to be either absolute legatees of the residuary estate or direct beneficiaries of his plan. These organizations will receive the funds for the purposes stated by the testator. (St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115; Matter of James, 123 N. Y. S. 2d 520, 525 and authorities cited.) There is no basis for distinguishing in this respect between the uses to which •the two funds are required to be put.
Submit decree on notice construing the will.