In the Matter of the Estate of JACOB SCHECHTER, Deceased.

Surrogate's Court, New York County, May 14, 1962.

*Judah Dick* for Isaac Schechter, petitioner. *Louis C. Foreman* for Mosha Ginsberg and others, respondents. *Lester H. Solomon* for Ruth Schechter and others, respondents. *Nathan Amchan* for Sam Schechter and others, respondents. *Louis J. Lefkowitz, Attorney-General (Julius Greenfield* of counsel), for indefinite charitable beneficiaries, respondent.

JOSEPH A. COX, S. The executor seeks a construction of paragraph SEVENTH of the will which reads as follows: " SEVENTH: All the rest, residue and remainder of my Estate, I give, devise and bequeath to my Executor hereinafter mentioned to divide and distribute among such charitable religious or other organizations and or deserving individuals as he may in his so [*sic*] discretion and best judgment determine to be deserving and to use the same for the additional purposes of providing for performance of Orthodox Hebrew Religious Services and Ceremonies in my memory including Kaddish, annual observance of the Yur Zeit, studies and other Hebrew Orthodox Religious Rituals that he may deem necessary and my said executor shall not be responsible for any loss, destruction or other injury to such funds or property that he may distribute hereunder and he shall not be accountable to any person or court with respect to such fund, the distribution of the same being in his sole judgment and discretion. All cash and specific legacies shall be net and any taxes thereon shall be paid out of my residuary estate."

The Attorney-General of the State of New York states that the provision in said paragraph is a valid bequest for charitable and religious purposes. However, he contends that that part thereof which exempts the executor from responsibility " for any loss, destruction or other injury to such funds or property that he may distribute hereunder " should be held to be invalid as offensive to public policy, and that the provision that the executor " shall not be accountable to any person or court with respect to such fund " should be held to be invalid as violating public policy. The executor, who is a brother of the decedent, takes the position that the excisions urged by the Attorney-General will frustrate the charitable purposes of the decedent.

The court upholds the position taken by the Attorney-General. It is his duty and obligation to compel the use of funds for the charitable purposes for which they were given when a violation

is threatened or imminent. (*Cadman Mem. Cong. Soc. of Brooklyn* v. *Kenyon,* 279 App. Div. 1074; *St. Joseph's Hosp.* v. *Bennett,* 281 N. Y. 115, 119; *Matter of James,* 119 N. Y. S. 2d 259, 264; *Matter of James,* 22 Misc 2d 1062, 1067.) Section 125 of the Decedent Estate Law states that an attempted grant to an executor or trustee exonerating him from liability for failure to exercise reasonable care, diligence and prudence is contrary to public policy. Testamentary provisions cannot operate in contravention of that statute.