(58 App. Div. 499.)

ROTHSCHILD et al. v. GOLDENBERG et al.

(Supreme Court, Appellate Division, First Department.  March 22, 1901.)

WILLS—ACTIONS TO CONSTRUE—PARTIES.

    A bequest to trustees directed them to apply a fund to the creation of some nonsectarian charitable or educational institution, with discretion to enlarge or place on a solid foundation any existing charitable institution. *Held*, that under section 1, c. 701, Laws 1893, providing that a bequest for benevolent purposes shall not fail by reason of indefiniteness as to the beneficiaries, and section 2, providing that the attorney general shall represent the beneficiaries in such cases, and enforce such trusts by proper proceedings in court, the attorney general is a proper party to a proceeding to construe the will, and this though the trustees have not yet selected the beneficiaries.

Appeal from special term, New York county.

Action by Jacob Rothschild and others against Mary Goldenberg and others. From an order permitting the attorney general to be made a party, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

J. J. Crawford, for appellants.

G. D. B. Hasbrouck, for respondents.

PATTERSON, J. From an order permitting the attorney general to intervene in this action, and requiring an amendment of the summons and complaint so that he should be made a party defendant, the plaintiffs appeal. The action was brought for the construction of certain clauses of the will of Simon Goldenberg, deceased, and it necessarily involves a determination of the validity of provisions of that will disposing of the testator's residuary estate to certain persons named, or the survivors of them, to apply the same "to the creation of some charitable or educational institution in the city of New York." The will contains the following clause, viz.:

"I desire to place no restriction upon them with regard to the character of such charitable or educational institution, excepting that I desire the same to be nonsectarian, and that I do not desire to have the fund hereby created to be divided between existing charities; but this not to preclude said legatees from enlarging or placing upon a solid foundation any existing charitable institution, if they shall deem it advisable so to do; having full confidence that they will found a charity which will add something to the improvement of the physical, moral, or intellectual improvement of those for whose benefit they will create such institution."

It is evident that the validity of this bequest will be assailed on more than one ground. It is not to be deemed invalid by reason of the indefiniteness or uncertainty of the intended beneficiaries, if, under the authority of the will, an otherwise valid and feasible scheme to effectuate the testator's intention may be carried out by the trustees. It may be held that the provision for the creation of a nonsectarian charitable institution in the city of New York, or a nonsectarian educational institution in that city, or for the use of the trust estate or fund for enlarging and placing upon a solid foundation some existing institution, can be effectuated. By section 1, c. 701, Laws 1893, it is enacted that a gift, grant, bequest, or devise

for religious, educational, charitable, or benevolent uses, in other respects valid, is not to be allowed to fail by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If, in the instrument creating a trust, a trustee is named to execute it, the legal title to the property constituting the trust estate or fund vests in the trustee. If no person is named as trustee, the title vests in the supreme court, which, by section 2 of the same law, is given control over bequests and devises of the character mentioned; and it is enacted that "the attorney general shall represent the beneficiaries in all such cases, and it shall be his duty to enforce such trusts by proper proceedings in court." In Allen v. Stevens, 161 N. Y. 142, 55 N. E. 572, it is said that the effect of this statute is to confer "all power over such trusts and trustees on the supreme court, and directs the attorney general to represent beneficiaries in cases within the purview of the statute, as was the practice in England." This imposes upon the attorney general the duty to enforce the trust, which implies the duty to protect it; and it cannot be protected by him in an action expressly framed to test the validity of the devise or bequest out of which it arises unless he acquires a status as the representative of the beneficiaries. That can only be done by his being made a party to the action. This criticism made by the appellant on the order appealed from seems to be that the attorney general cannot have a standing to represent beneficiaries in this action until those beneficiaries are ascertained, because by the will the power of selection is given to trustees. But that contention is fallacious. The validity of the trust is the main subject of litigation, and it is the office of the attorney general to see to the establishment of the trust, if valid, for a beneficiary to be selected by the trustees; if they make no selection, then to take proper proceedings in court to enforce the trust.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.