Strafford, }
May 6, 1919. }

CHARLES F. ROBERTS & *a. v.* JAMES CORSON & *a.*

A devise to Humane Lodge, A. F. & A. M., "to be used by it as it shall determine best in each case for the benefit of its members who may be in want or distress from any cause whatsoever physical or financial" creates a charitable or public trust.

Where a charitable or public trust is created, the designated trustee, whether a corporation or a voluntary association, is to administer the trust if such administration is not inconsistent with the purpose for which the organization was created.

BILL IN EQUITY. The plaintiffs are the heirs at law of Lewis W. Tebbetts. The defendants are the residuary legatee named in the will, the executor of the will and others.

The executor asks the advice of the court as to who is entitled to the property passing under the residuary clause of the will. The testator gave the residue of his estate "to Humane Lodge . . . to be used by it as it shall determine best in each case for the benefit of its members who may be in want or distress from any cause whatsoever physical or financial."

Transferred without a ruling by *Branch,* J., from the February term, 1918, of the superior court.

*Henry D. Yeaton* (by brief and orally), for the plaintiffs.

*Snow, Snow & Cooper* (*Mr. Cooper* orally), for Humane Lodge, A. F. & A. M., No. 21.

*William Wright,* executor, *pro se.*

*Oscar L. Young,* attorney-general, for the state.

YOUNG, J. If the words of the residuary clause are given their ordinary meaning the testator intended to create a trust for the benefit of those who are or who may become members of Humane Lodge; that is, he intended to create a trust for the benefit of a definite section of the public. A gift of this kind constitutes what is commonly known as a charitable or public trust. *Glover* v. *Baker,* 76 N. H. 393, 417; *Haynes* v. *Carr,* 70 N. H. 463, 482; *Jackson* v. *Philips,* 14 Allen, 539; *Hoeffer* v. *Clogan,* 171 Ill. 462; s. c. 63 Am. St. Rep. 241, note 249; 11 C. J. 301.

If the purpose such a trust is intended to effectuate is legal and the persons for whose benefit it is established can be ascertained, it is the duty of the court to enforce it. *Fernald* v. *First Church of Christ Scientist,* 77 N. H. 108; *French* v. *Lawrence,* 76 N. H. 234; *Adams* v. *Page,* 76 N. H. 96. It is immaterial in so far as the validity of such a bequest is concerned how large or how small a section of the public it is intended to benefit. That is, whether it is intended to benefit every living human being, *Glover* v. *Baker,* 76 N. H. 393, 417; or whether its scope is limited to the poor and needy of New Hampshire, *Haynes* v. *Carr,* 70 N. H. 463; the sick of Franklin and vicinity, *Adams* v. *Page,* 76 N. H. 96; or to indigent and distressed masons of Bible Lodge society in Goffstown, their widows and orphans, *Duke* v. *Fuller,* 9 N. H. 536. The bequest in question, therefore, constitutes a valid public trust for the purpose for which it was created, is legal, and it is possible to ascertain those it is intended to benefit. The person who establishes such a trust may entrust its administration to a corporation, *Chapin* v. *Winchester School District,* 35 N. H. 445; to a voluntary association, *Parker* v. *Cowell,* 16 N. H. 149; 11 C. J. 339; or to trustees appointed by the probate court P. S., c. 198; *Petition of Straw,* 78 N. H. 506. It will be unnecessary therefore to consider whether Humane Lodge is a corporation or a voluntary association. In either case it will be the duty of the executor to turn over the property passing under the residuary clause to the lodge unless the court finds that administering the trust is inconsistent with the purpose for which the lodge was established. If that is found, the executor will turn the property over to whomever the probate court appoints to administer the trust.

All concurred.                                        *Case discharged.*