SILVER CREEK PRESERVING CORPORATION, Plaintiff, *v.* ROY A. PORTER, Defendant.

Supreme Court, Chautauqua County, November 10, 1937.

*Stedman & Waterman* [*Charles F. Blair* and *Albert J. Waterman* of counsel], for the motion.

*Babcock, Sullivan & Weaver* [*John R. Weaver* of counsel], opposed.

HARRIS, J. The above-entitled action is a suit by a corporation against a director and officer for an accounting by such director and officer for certain funds alleged to be the property of the corporation of which the corporation is alleged to have been deprived by the defendant through malfeasance in office and misappropriation.

This is a motion by the defendant to bring in Nahum B. Pratt, president of the corporation, and J. W. Krull, secretary of the corporation, as additional parties defendant. On its face the action is the ordinary action brought by a corporation for misconduct of an officer or director and for relief from such misconduct by an accounting on the part of such officer or director. The misconduct alleged in the complaint may be divided under two headings: (1) The failure of the defendant to properly handle certain funds given to him for investment on a potato deal; and (2) the withdrawal, by defendant, from the corporation of certain moneys as salary which it is claimed are in excess of the amount to which he was entitled for salary.

In his answer the defendant pleads as matters of defense (1) that the potato transaction was one undertaken with the knowledge, consent and co-operation of the said Pratt, and that there was no misconduct in reference to the same, and (2) that the salary drawn by him was properly drawn and was commensurate to those paid to the said Pratt by vote of the said Pratt and said Krull. Such matters pleaded would, if proven to the satisfaction of the trial court, be sufficient to be complete defenses to the matters set forth in the complaint. Certainly, in view of the sufficiency of such defenses, the proposed defendants Pratt and Krull are not necessary parties to the action at bar, and if these were the only facts involved the court would feel justified in denying the motion on the ground that the defendant is accused of a tort and is not entitled to bring in those who may be joint tort feasors as additional parties defendants. (*Buckley* v. *Stansfield*, 155 App. Div. 735; affd., 214 N. Y. 679; *German American Coffee Co.* v. *Diehl*, 66 Misc. 547; affd., 168 App. Div. 913; *Brennan* v. *Barnes*, 133 Misc. 340; *Baker* v. *Baker*, 122 id. 757; affd., 212 App. Div. 850.)

From the moving papers of the defendant this court gathers that the corporation is one subject to close control in that the common stock (which is the only voting stock) is held by the said defendant and the said Krull and the said Pratt, and that all, except a few shares of the preferred stock, is held by the defendant and the said Krull.

In such moving papers the defendant at length makes accusations of improper conduct on the part of the said Pratt and the said Krull as officers of the corporation and of their inability to conduct the affairs of the corporation. If these accusations were true, the defendant would be justified in bringing a representative stockholder's action against the said Krull and the said Pratt, and if the action at bar were then pending, it is fair to assume that on a proper motion the court would order the trial of the action at bar and of such stockholder's action at the same time because the facts on which the said stockholder's action would be based would be practically the same facts that the defendant herein pleads in his defense.

In view of the contents of such moving affidavits and the deductions that the court has made from the same, the court is of the opinion that the said Pratt and the said Krull would be proper parties to this action and that an order making them additional parties defendant would avoid multiplicity of suits and would bring all of the matters at issue to a complete and speedy determination. Therefore, in the interest of justice, the court grants the relief demanded on this motion.