LA MONT CORPORATION, Appellant, *v.* WALTER D. LA MONT, Respondent.

First Department, November 18, 1938.

*Lemuel Skidmore* of counsel [*Putney, Twombly & Hall*, attorneys], for the appellant.

*Ralph Royall* of counsel [*James G. Holland* and *Hoch Reid* with him on the brief; *Ehrich, Royall, Wheeler & Walter*, attorneys], for the respondent.

CALLAHAN, J.  We find the third, fifth, seventh and tenth defenses insufficient.

As to the second defense, while most of the matters alleged therein refer to conduct of Stoehr & Sons, Inc., and many statements alleged were contradicted by the written documents, we think that, liberally construed, the defense might contain facts sufficient to constitute a plea that plaintiff comes into equity with unclean hands.  Assuming that such a plea would be proper, if not necessary, as an affirmative defense, we have permitted the same to stand.

The third defense is insufficient.  It alleges no injury to defendant, but is an appeal to patriotism rather than an assertion of interference with defendant's rights.

The fifth defense attempts to set up an estoppel.  The contention is that plaintiff stood by during a period of about five years, when defendant had been led to believe that plaintiff had abandoned a certain claim.  The defense does not state facts which give rise to an estoppel.  The contractual obligations fixed the rights of the parties, and mere failure to assert same by either side would not create an estoppel.

The sixth defense repeats many allegations contained in the first and second defenses.  The first defense is not attacked, and we have held the second defense good.  We find the sixth defense sufficient, though in some respects repetitious.

The seventh defense attempts to plead a failure on the part of plaintiff to tender reimbursement to defendant and defendant's financial backers for large sums of money spent by them in the development of the inventions for which plaintiff's suit is brought, and that equitably plaintiff should not be granted any such relief until the plaintiff had made such tender. This defense is insufficient. There was no legal obligation on plaintiff's part to make a tender before commencing this action.

The tenth defense is also asserted as a counterclaim. It seeks rescission of an agreement made in 1924. That agreement involved persons other than the parties to this action. Where rescission would materially affect the rights of other persons, those persons are necessary parties, and for this reason alone the matter pleaded is insufficient as a counterclaim. In addition, total rescission would involve abrogation of other contracts affecting the subject-matter of the contract mentioned in the pleading. No grounds for partial rescission are asserted. Defendant does not offer to reassume his share of the indebtedness incurred by plaintiff, and which, pursuant to the agreement sought to be rescinded, he was to assume until relieved by the subsequent agreement (one of those for which rescission is not sought). Numerous other reasons appear why the counterclaim is insufficient. The matter pleaded as a defense is likewise insufficient.

The order appealed from should be modified by granting the motion to strike out the third, fifth, seventh and tenth defenses and the counterclaim, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously modified by granting the motion to strike out the third, fifth, seventh and tenth defenses and the counterclaim, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellant.