In the Matter of the Judicial Settlement of the Account of Proceedings of THE FIFTH AVENUE BANK OF NEW YORK, as Trustee of the Trust Created under Paragraph "Ninth" of the Last Will and Testament of WILLIAM H. McINTYRE, Deceased, and for a Construction and Determination as to the Effect of Said Paragraph "Ninth" and for Instructions. ALEXANDER McINTYRE, WALTER McINTYRE and NATALIE NILES, Appellants; CONTINENTAL LODGE No. 287, F. & A. M. and THE FIFTH AVENUE BANK OF NEW YORK, as Trustee, Respondents.— Decree of the Surrogate's Court of Queens county settling the trustee's accounts and directing payment to substituted trustees, etc., and order appointing trustees of the trust created by the Ninth paragraph of the will reversed on the law, without costs, and the matter remitted to the Surrogate's Court to proceed on the application after notice to the Attorney-General. It appears that when a literal compliance with the terms of a will creating a charitable trust is impossible and the application of the *cy pres* doctrine is necessary, which in our opinion is the situation here, the Attorney-General should be given notice of the proceeding to construe the will. (Pers. Prop. Law, § 12, subd. 3; *Rothschild* v. *Goldenberg*, 58 App. Div. 499; *Rothschild* v. *Goldenberg*, 103 id. 235; *Matter of Lyon*, 173 id. 473; *Ely* v. *Megie*, 219 N. Y. 112; *Matter of Swan*, 237 App. Div. 454; *Matter of Skuse*, 165 Misc. 554; Informal Opinion of the Attorney-General, 51 State Dept. Rep. 295.) Carswell, Adel and Taylor, JJ., concur; Hagarty, J., concurs in result only, with the following memorandum: The trust for the benefit of members of a lodge of a fraternal organization, their wives and children, is not one for a general charitable or benevolent use which warrants the application of the *cy pres* doctrine. "The purpose, whatever be its particular object, must benefit some indefinite class or portion of the *public*; for mere private charities are governed by the rules which apply to ordinary private express trusts." (3 Pomeroy's Equity Jurisprudence [4th ed.], § 1020, pp. 2268, 2269.) The trust fails because it violates the Statute of Perpetuities. Upon remission, the effect of the further provision of the will bequeathing the corpus to St. Luke's Hospital and the alleged renunciation of the latter should be given further consideration in determining the ultimate disposition of the fund. Lazansky, P. J., dissents, with the following memorandum: The only matter properly before the court was the appointment of a trustee in place of St. Luke's Hospital, which had renounced the trust. New trustees may be able to provide a bed in that institution. The trust is for a valid charitable use, since it confers a public benefit. (2 Bogert Trusts and Trustees, 1106; *Matter of Skuse*, 165 Misc. 554; Restatement of the Law of Trusts, §§ 368, 369, 372, 375; *Roberts* v. *Corson*, 79 N. H. 215; 107 A. 625.) The order and the decree, to the extent indicated, were properly made. The decree should be modified accordingly.