UNITED STATES of America

v.

Solomon RAEFSKY and Philip Kear, formerly partners, trading as Automotive Body and Metal Work Training School, Defendants and Third-Party Plaintiffs,

Automotive Body and Metal Work Training School, Inc., Third-Party Defendant.

UNITED STATES of America

v.

Benjamin KOLSKY, Individually and trading as Automotive Body and Metal Work Training School, Defendant and Third-Party Plaintiff,

Automotive Body and Metal Work Training School, Inc., Third-Party Defendant.

Civ. A. Nos. 18304, 19156.

United States District Court
E. D. Pennsylvania.

June 26, 1956.

W. Wilson White, U. S. Atty., Norman C. Henss, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Gilbert Stein, Joseph E. Gold, Philadelphia, Pa., for defendants.

WELSH, District Judge.

The United States commenced these actions against the partnership named herein and the individual members thereof to recover alleged overpayments made in connection with the operation of a "G. I." Training School. Subsequently, defendants filed motions to join as third-party defendant the corporation formed by them. The proposed third-party complaints alleged inter alia that the transactions on which the claim of the United States for overpayments is based occurred after the formation of the corporation; that the partnership and the individual members are not liable; and that if they are liable the corporation is liable over to them for any sums the United States may recover against them. This Court felt the proposed third-party complaints were proper under Federal Rules of Civil Procedure, Rule 14, 28 U.S. C.A. and accordingly granted said motions. The corporation then filed answers to the third-party complaints and counterclaims against the United States. The United States has now moved to dismiss the counterclaims.

■ The counterclaims must, we think, be dismissed. When this Court allowed the joinder of the corporation it was thereby made a defendant in the third-party action but it was not thereby made a defendant in the original action brought by the United States. Also, the United States did not amend its complaint to make the corporation a defendant as to it, the United States. Thus, as the record now stands there are actions 1. by the United States against the partnership and the individual members thereof and 2. by the partnership and the individual members thereof against the corporation.

■ It is observed no action by the United States against the corporation is pending. A counterclaim pre-supposes the existence of a claim against the party filing the counterclaim. There being no claim by the United States against the corporation and counterclaimant, we conclude the counterclaims filed by the corporation herein are improper and should be dismissed.

An appropriate order will be prepared and submitted.