UNITED STATES of America to the Use of STAINLESS, INC., a California corporation, Plaintiff,

v.

P. J. WALKER CONSTRUCTION COMPANY, a California corporation, and American Surety Company of New York, a New York Corporation, Defendants.

P. J. WALKER CONSTRUCTION COMPANY, a California corporation, and American Surety Company of New York, a New York corporation, Third-Party Plaintiffs,

v.

PAUL HARDEMAN, INC., Third-Party Defendant.

Civ. No. 108–59.

United States District Court
S. D. California,
Central Division.

June 19, 1959.

Pilot & Levinson, Beverly Hills, Cal., for plaintiff.

Anderson, McPharlin & Conners, Los Angeles, Cal., for defendants.

Arnold M. Schwartz, Los Angeles, Cal., for third-party defendant.

CLARKE, District Judge.

This action is brought by the United States of America, to the use of Stainless, Inc. (hereafter Stainless), against P. J. Walker Construction Company (hereafter Walker), as principal, and American Surety Company of New York (hereafter American Surety), as surety, on a payment bond posted to insure payment to all persons supplying labor and materials in the prosecution of the work on a government contract, pertaining to Edwards Air Force Base, entered into by Walker as prime contractor. Specifically, the complaint alleges Stainless furnished labor and material on the contract to Paul Hardeman, Inc. (hereafter Hardeman), a subcontractor to Walker, and that there is a balance owed Stainless by Hardeman. Jurisdiction is based on sections 270a and 270b of Title 40 U.S.C.A.

On March 19, 1959, defendants Walker and American Surety filed a third-party complaint against Hardeman pursuant to Fed.R.Civ.P. 14, 28 U.S.C.A.. On the same day these defendants also filed their answer to the complaint, wherein they set forth, as a First Affirmative Defense, the following:

"That there exists between Paul Hardeman, Inc. and the use plaintiff herein, Stainless, Inc., the *right of setoff* in favor of Paul Hardeman, Inc. of an amount in excess of the amount claimed by the use plaintiff in the within action. That by reason of said right of setoff, there is at the present time *nothing due,* owing or unpaid from Paul Hardeman, Inc. to the use plaintiff herein, Stainless, Inc." (Emphasis added.)

On March 31, 1959, Stainless noticed for hearing a motion to strike the above-quoted First Affirmative Defense set forth in defendants' answer on the grounds that it is "insufficient in law" and "impertinent" as having "no relation to the controversy."

On April 10, 1959, in its answer to defendants' third-party complaint against it, Hardeman alleged as a First Affirmative Defense that:

"There exists in favor of Third Party Defendant and against Use Plaintiff a *right of set off* arising from a failure of Use Plaintiff to perform its obligations in connection with materials supplied by Use Plaintiff on a construction project presently being performed by Third Party Plaintiff (*sic*) for the benefit of the Atomic Energy Commission of the United States. That in conjunction with said latter project Use Plaintiff delivered material that was defective and otherwise failed to comply with Atomic Energy Commission specifications. That Use Plaintiff has admitted said defects and has failed and refused to remedy the same although repeated requests have been made of Use Plaintiff by Third Party Defendant to remedy and correct said defects." (Emphasis added.)

This cause is now before the court for a ruling on the March 31, 1959, motion by Stainless to strike the First Affirmative Defense set forth by Walker and American Surety in their answer to the complaint.

■ The right to set-off alleged in the First Affirmative Defense does not arise out of the transaction or occurrence that is the subject matter of the plaintiff's claim within the meaning of Fed. R.Civ.P. 13(a). Thus, any basis for permitting defendants to plead this matter in answer to the complaint must be found in Rule 13(b), which pertains to permissive, as distinguished from compulsory, counterclaims.

■ No statute giving these defendants such a right of set-off has been cited

**138**

to this court. Neither does defendants' answer contain any averments giving rise to a right of equitable set-off. The "general rule" is that "unless permitted by statute, a surety sued alone may not avail himself of a claim of the principal against the creditor where he has no interest in the claim." 72 C.J.S. Principal and Surety § 260(b). There existing no reason for doing otherwise, this court will apply the "general rule" to this case.

In addition, a permissive counterclaim must be supported by an independent jurisdictional basis unless it is a set-off. Fraser v. Astra Steamship Corp., D.C.S.D.N.Y.1955, 18 F.R.D. 240, 241. Since it has already been concluded that the matter pleaded by defendants as a First Affirmative Defense is not, in fact, a right of set-off inuring to them, this court lacks jurisdiction over the subject matter of the claim unless there is shown to exist an independent basis for federal jurisdiction. Such is not the case. It is to be noted that defendant Walker and use-plaintiff Stainless are both identified as California corporations.

It is also observed, *sua sponte*, that third-party defendant Hardeman cannot properly plead this set-off against use-plaintiff Stainless under the provisions of Rule 14, since it is not a counterclaim "arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Neither can it do so under Rule 13, third-party defendant and use-plaintiff not being "opposing parties" within the meaning of that Rule. United States v. Raefsky, D.C.E.D.Pa.1956, 19 F.R.D. 355. See 3 Moore, Federal Practice §§ 14.17, 14.27[2] (2d Ed. 1948). Clearly, it does not constitute a "counterclaim against the third-party plaintiff," permitted to be pleaded pursuant to Rule 14.

It follows that defendants' First Affirmative Defense, contained in their answer to the complaint, and third-party defendant's First Affirmative Defense,

contained in its answer to the third-party complaint, are improperly pleaded and an order striking them from the pleadings will be entered.