Roy C. MARKUS

v.

Joseph DILLINGER.

Civ. A. No. 27441.

United States District Court
E. D. Pennsylvania.

Feb. 24, 1961.

---

7. Id., Sec. 8346.

**734**

Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiff.

Jerome H. Ellis, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

Plaintiff's action is based on a series of checks he issued to defendant's order between January 8, 1957, and April 8, 1958. He claims that the checks represent personal loans to defendant and seeks repayment in the amount of $12,-000, interest and costs. The Complaint is based on diversity of citizenship. Defendant admits receipt of the checks but asserts that they represent partial compensation for work performed under a business agreement, and he has filed a Counterclaim for additional amounts allegedly due him and for an accounting (Document No. 3). After responsive pleadings were filed by plaintiff,[1] defendant filed a Motion For Leave To File An Amended Answer and Counterclaim and To Join Pennsylvania Life Insurance Company[2] As A Party to the Action (Document No. 10), which Motion is now before the court.

The proposed Amended Counterclaim contains four counts.

### First Count

The First Count of the proposed Amended Counterclaim (paragraphs 3 to 14 of Exhibit A to Document No. 10) is based on the same ground as the original Counterclaim, namely, the business association between the parties which involved the Louisiana agency. The amended pleading sets forth more fully Markus' alleged relationship with Penn Life and charges Penn Life and Markus with a duty to account and reimburse defendant.

The cause of action involved here is not barred by the principles of res judicata.[3]

F.R.Civ.P. 15(a), 28 U.S.C., permits amendment of pleadings if the other party is not prejudiced thereby. See Kerrigan's Estate v. Joseph E. Seagram & Sons, 3 Cir., 1952, 199 F.2d 694, 696. Plaintiff would not be prejudiced by the amendment titled "First Count" and, therefore, this amendment will be allowed.

This part of the amended pleading is a compulsory counterclaim[4] and defendant should be permitted to join Penn Life thereto if the provisions of F.R.Civ.P. 13(h) are met.

The presence of Penn Life is necessary in order to adjudicate completely the issues involved, which should not be tried at another time in another forum;[5] therefore, it is a party "required for the granting of complete relief" under F.R. Civ.P. 13(h). See United Artists Corp.

---

1. See Plaintiff's Motion for Summary Judgment (Document No. 7) and Reply to Counterclaim (Document No. 6).

2. Hereinafter called "Penn Life."

3. Plaintiff's argument that res judicata bars this first count has been previously rejected by this court. See Order Sur Plaintiff's Motion for Summary Judgment, filed February 23, 1961 (Document No. 28).

4. See F.R.Civ.P. 13(a), Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc., No. 13309, 3 Cir., 286 F.2d 631, and Ar-

vey Corp. v. Peterson, D.C.E.D.Pa.1959, 178 F.Supp. 132, 138.

5. The allegations of the amended counterclaim should be taken as true for the purpose of determining whether Penn Life is a "required party." S. P. A. Ricordi Officine Grafiche v. World Art Reproductions Co., D.C.S.D.N.Y.1958, 22 F.R.D. 312, 316. These allegations and the deposition of plaintiff (Document No. 22, see pp. 25, 26, 37, 39, 69, 92, 95–96, 117, 123, 125 & 135) clearly show that complete relief cannot be had unless Penn Life is a party of record.

v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213, 217.

As this court can secure jurisdiction over Penn Life, a Pennsylvania corporation with a place of business in this District, joinder is proper unless the court will be deprived of jurisdiction because of the joinder. On this record, the court will not be deprived of jurisdiction by the joinder, even though the case is before this court solely on the ground of diversity and defendant and Penn Life are citizens of the same state.

A compulsory counterclaim is ancillary to the main action and needs no independent jurisdictional grounds to support it. Arvey Corp. v. Peterson, D.C. E.D.Pa.1959, 178 F.Supp. 132. This ancillary jurisdiction extends to additional parties brought onto the record in order to fully determine the counterclaim. United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213, 217; United States for Use and Benefit of Los Angeles Testing Laboratory v. Rogers & Rogers, D.C.S.D.Cal. 1958, 161 F.Supp. 132, 134. Hence, the diversity of citizenship which supports the original action also supports the action against the additional party, in spite of the lack of diversity between Dillinger and Penn Life.

The requirements of Rule 13(h) having been met, Penn Life will be joined as a party to the counterclaim set forth in paragraphs 3 to 14 of Document No. 10.

## Second Count

This count (paragraphs 15 to 20 of Exhibit A to Document No. 10) alleges that plaintiff wrongfully entered judgment in a Pennsylvania court against defendant and his wife on a note given for a personal loan.[6] Defendant seeks damages from plaintiff and Penn Life for abuse of process and also demands payment of certain renewal commissions collected by plaintiff under an assignment made solely to give plaintiff additional security for payment of such loans.

Defendant will not be permitted to include this Count in his Amended Counterclaim since it is defective on its face. The charge of abuse of process is, in reality, a collateral attack on a judgment of a Pennsylvania court and such judgment cannot be attacked in this manner.[7] In addition, an indispensable party[8] has not been joined in this Count under F.R. Civ.P. 19(a). Defendant will not be permitted to include this count in the Amended Counterclaim as to either plaintiff or Penn Life.

## Third Count

In this count (paragraphs 21 to 23 of Exhibit A to Document No. 10), Dillinger alleges that Markus fraudulently induced him to surrender some stock he held in two corporations for an inadequate price when he became associated with Markus in the Louisiana agency. He requests return of the stock or compensatory damages.[9] Whether this claim is a sufficient "offshoot of the same basic controversy" involved in this suit is a very close question. See Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc., No. 13,309, 3 Cir., 286 F.2d at page 634. In the event that this claim is amended within fifteen days to state the amount of the compensatory and punitive dam-

---

6. Two loans were made. Defendant alleges that the amount he paid Markus on account of said loans, plus the renewal commissions collected by Markus under assignment by Dillinger, exceeds the total debt and interest and that the entry of judgment on the $1,500 note in the Municipal Court of Philadelphia (October Term 1959, No. 2204) was a malicious abuse of process.

7. A valid judgment is not open to collateral attack. See Mangold v. Neuman, 1952, 371 Pa. 496, 500, 91 A.2d 904.

Defendant does not allege the judgment was invalid and did not appeal directly therefrom.

8. Defendant's wife, Phyllis Dillinger, was a co-maker of the judgment note and a joint defendant in the Pennsylvania action and is an indispensable party to an action for abuse of process.

9. There is no claim against Penn Life under this count so there is no question of its being joined here.

ages sought, an order may be submitted granting permission to include it in the Amended Answer as a permissive counterclaim.

### Fourth Count

In this count (paragraphs 24 to 26 of Exhibit A to Document No. 10), defendant seeks an injunction and compensatory damages against Markus and Penn Life, claiming that, after their association with defendant was terminated, they conspired with others to drive defendant out of his new business and engaged in illegal acts in furtherance of this plan.

This count, like the Second Count and the Third Count, is actually a separate counterclaim. It is permissive since it does not arise out of the same transaction or occurrence which is the basis of the original claim (see cases in footnote 4 above). Penn Life may not be added as a party to such a counterclaim.[10] Permissive counterclaims need independent jurisdictional grounds to support them.[11]

### Order

And Now, February 24, 1961, after consideration of the above Motion, oral argument, briefs of counsel (Documents Nos. 26 and 27), the letters of counsel dated December 28 and December 29, 1960 (attached to their respective briefs), and the record, It Is Ordered that Defendant's Motion For Leave To File An Amended Answer and Counterclaim And For Joinder of Pennsylvania Life Insurance Company As A Party To The Record (Document No. 10) is Granted in part, as follows:

1. Leave is given to defendant to file, within thirty days, an Amended Answer and Counterclaim, provided that such pleading conforms to paragraphs 1 to 14 of the Proposed Amended Answer and Counterclaim attached to Document No. 10;

2. As soon as the above Amended Answer and Counterclaim is filed, Pennsylvania Life Insurance Company shall be considered as joined as an additional party to this action;

3. A copy of the Amended Answer and Counterclaim and copies of prior pleadings shall be served on Pennsylvania Life Insurance Company within thirty days of such filing; and

4. The Amended Counterclaim shall be treated as a claim and complaint by defendant against Pennsylvania Life Insurance Company.

---

10. A counterclaim is defective unless federal jurisdiction is apparent on the face of the pleadings and, as pointed out above, there is no diversity between defendant and Penn Life. See West Coast Tanneries, Ltd. v. Anglo-American Hides Co., D.C.S.D.N.Y.1957, 20 F.R.D. 166.

11. It is defendant's position that once Penn Life has been added to the record as an additional party to the compulsory counterclaim, it is an "opposing party" and subsequent permissive counterclaims are permitted. This reasoning (which is not supported by any cases) is not accepted. One added as a third-party defendant is not a defendant for all purposes. Cf. United States v. Raefsky, D.C.E.D.Pa.1956, 19 F.R.D. 355, 356, where a third-party defendant was held not to be a party to the original action. Even if Penn Life is only a "necessary" party to this claim, the court would not use its discretionary power under Rule 19(b) to allow the claim to be heard without Penn Life being on the record.