**RICHMOND LACE WORKS, INC.,**
Plaintiff,

v.

**Thomas EPSTEIN, Defendant.**

United States District Court
S. D. New York.
Aug. 16, 1962.

poration, caused the corporation and others to enter into a shareholders' agreement, and in his various positions in the corporation caused the payment of certain other funds of the corporation to certain persons pursuant to still other agreements. The complaint alleges further that defendant violated his fiduciary duty to the corporation as an officer and director and professional obligations as counsel in that he acted as attorney and represented other parties who were dealing with the corporation while at the same time purportedly acting as attorney and an officer and director of the corporation.

The Complaint seeks the following relief:

"(1) Ordering the rescission of the transfer of 200 shares of stock of the corporation allegedly transferred to defendant in return for services rendered.

"(2) Ordering the defendant account for monies received as legal fees from the corporation.

"(3) Ordering defendant to account for and return monies illegally and improperly paid to third parties.

"(4) Ordering rescission of the agreement dated April 6, 1961 between plaintiff, the corporation, and others."

Defendant's motion requires me to determine whether any of the proposed defendants are indispensable parties to this action in view of the allegations and the nature of the relief requested.

■ It is an elementary principle especially where, as in this case, plaintiff seeks to invoke the equitable powers that this court should not adjudicate a matter in which the rights of parties having an interest in the controversy will be affected or where after an adjudication the controversy will be in a condition which may be wholly inconsistent with equity and good conscience. See Shields v. Barrow, 17 How. 130, 15 L.Ed. 158 (1854), Minnesota v. Northern Securities

Hale, Kay, Grant & Meyerson, New York City, for plaintiff.

Bernard Furman, New York City, for defendant.

CROAKE, District Judge.

Defendant moves for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., dismissing the complaint in this action on the ground that the plaintiff has failed to join certain indispensable parties.

The plaintiff, Richmond Lace Works, Inc., a corporation organized under the laws of Massachusetts with a principal place of business in Rhode Island, brings this action against the defendant, Thomas Epstein, a director, treasurer, and counsel to the plaintiff corporation. Jurisdiction is based upon diversity of citizenship.

The complaint alleges that the defendant caused himself to be elected as an officer, director, and counsel to the cor-

Co., 184 U.S. 199, 235, 22 S.Ct. 308, 46 L.Ed. 499 (1902).

■ In making this determination, I am initially faced by the problem raised by defendant of whether reference should be made to federal law or state, as it does appear that there is some difference of opinion on this point. See 3 Moore's Federal Practice, p. 2153 (1948). Although this question may present some nice theoretical consideration, I see nothing in Rule 19 of the Federal Rules of Civil Procedure which creates inconsistency with applicable state law. Rule 19 of the Federal Rules of Civil Procedure essentially sets forth procedure to be followed in problems involving joinder and non-joinder, along with certain provisions as to discretion of the court, but when the question of indispensability involves relations stemming from the substantive law of the state, reference should be had to such law to determine the issue. See Kroese v. General Steel Castings Corp., 179 F.2d 760 (3rd Cir. 1950). This conclusion appears sound under the mandate set forth in Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which requires this court to resolve substantive questions of law in accordance with existing state law in diversity cases. However, there may also be cases where the federal rules may provide procedures or remedial relief which would amplify the state substantive law, thereby requiring joinder when none would be necessary under state law. Of course, the reverse may also be true in certain situations.

■ Applying these principles to the case before me, I am confronted with a complaint which alleges that defendant has violated his fiduciary duties to the corporation as an officer and director and his professional duties as corporate counsel. It is also alleged that the defendant induced plaintiff to enter into an unlawful and improper contractual relationship. The complaint does not allege, and the parties have not set forth, where these acts were performed, where the contract was executed, where the shareholders' agreement was executed, or any other information which would allow me to make a rational determination with respect to choice of applicable law to be applied. Thus, I feel that under these circumstances where neither party has urged the application of foreign law or presented relevant facts, New York courts would apply the law of the forum. See Bath Gas Light Co. v. Claffy, 151 N.Y. 24, 45 N.E. 390 (1896).

■ Under New York law, directors and/or officers of a corporation are jointly and severally liable for the wrong committed against the corporation. See Silver Creek Preserving Corp. v. Porter, 164 Misc. 818, 299 N.Y.S. 678 (1937). Baker v. Baker, 122 Misc. 757, 204 N.Y.S. 11 (1924).

■ It is conceivable, of course, that in certain special situations the liability may be joint. See Fletcher Cyclopedia of Corporation, Section 1002 (1947); however, the allegation of the complaint described a case wherein the defendant will be either individually or severally liable, and for the purposes of this motion such allegation must be taken as true. Plaintiff can recover against the defendant for monies which he received or caused to be paid to others in violation of his duties as a director, officer, and counsel to the corporation, even though other directors were involved. Thus, I am of the opinion that no other parties are indispensable to this portion of the suit.

■ Defendant asserts in his affidavits that all other directors, including the two shareholder directors who control the corporation, approved the transactions referred to in the complaint. Although such circumstances, if proven, may absolve defendant of any liability, this is again a matter which must await trial or be tested by means of a motion for summary judgment. It does not, however, affect the right of the plaintiff corporation to institute this suit for the alleged acts of this defendant.

The allegations of the complaint which refer to the agreement between plaintiff, defendant and other stockholders of plaintiff present a different problem.

 The alleged agreement which is very common today, in a closely held corporation sought to provide for mutual obligation among the signatories in relation to the management and control of corporate affairs, including the election of certain individuals to key corporate executive positions. It appears uncontested that the signatories held all but a small portion of the outstanding stock of plaintiff corporation. It is also significant that the agreement contains the following provision:

"Said parties desire by this agreement to establish certain rights and obligations *inter se.*"

The term *"inter se"* is defined in Black's Law Dictionary, p. 948, as meaning "among themselves." This provision demonstrates that it was the intention of the parties that each party to the agreement was assuming the obligations upon the condition that others would be similarly bound. Although plaintiff argues that the contractual relationship between it and defendant can be adjudicated without affecting the right of others, I must give some meaning to all provisions of the contract in interpreting the agreement for the purposes of this motion. See e. g., Roos v. Texas Co., 23 F.2d 171, 173 (2d Cir. 1927) (opinion on rehearing). Furthermore, even if this provision were not present, I would still be inclined to interpret the agreement as containing interdependent obligations on the part of all signatories. A casual reading of the agreement makes plain that it was a clear attempt to provide related mechanisms for continued corporate control. An adjudication of one set of relationships of this agreement without reference to the others and without all parties to the agreement being subject to the jurisdiction of this court would mutilate the original intention of the parties. Under such circumstances, this court should not adjudicate the rights as between this plaintiff and this defendant, while at the same time leaving this defendant subject to an obligation to other parties to the agreement. The law of New York on this point is well established that where rescission of a contract would materially affect the rights of some persons under an agreement, such persons are indispensable parties. See e. g., La Mont Corporation v. La Mont, 255 App.Div. 394, 7 N.Y.S.2d 729 (1st Dept. 1938), reargument denied, 255 A.D.2d 962, 8 N.Y.S.2d 989 (1st Dept. 1938).

Thus, I conclude that plaintiff may not maintain that portion of its action which seeks to rescind the shareholders' agreement unless the other parties to the agreement are parties to the action.

 Since plaintiff has chosen to plead all claims in one cause of action in narrative form, I find it impossible to order deletion of certain numbered paragraphs. Thus, to avoid confusion at later stages in this litigation with regard to relevant allegations, I will dismiss the entire complaint, with leave to the plaintiff to serve an amended complaint consistent with this opinion.

I further order that the amended complaint be served within 15 days of the filing of this order.

Defendant will be allowed to serve a responsive pleading or move as provided in the Federal Rules of Civil Procedure.

So Ordered.