UNITED STATES of America for the Use and Benefit of CENTRAL RIGGING AND CONTRACTING CORP., Plaintiff,

v.

PAUL TISHMAN COMPANY, Inc., formerly known as Paul Tishman General Contractor, Inc. and Maryland Casualty Company, Defendants.

No. 62–C–1011.

United States District Court
E. D. New York.

Jan. 16, 1963.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for plaintiff.

Stanley Schlesinger, New York City, of counsel.

Jacobs, Persinger & Parker, New York City, for defendant Paul Tishman Co., Inc. Irving Parker, George P. Solleder, Jr., New York City, of counsel.

JOHN R. BARTELS, District Judge.

Paul Tishman Company, Inc. (Tishman) was the prime contractor on a contract with the United States for the construction at the Suffolk Air Force Base, Westhampton, Long Island, of a Bomarc missile base consisting of 56 missile launchers. Central Rigging and Contracting Corp. (Central) was engaged under a subcontract dated June 11, 1958, to construct certain special facilities in connection with the base and to furnish labor and material necessary to complete the same. This subcontract was thereafter supplemented by another contract between the parties dated July 21, 1959. Pursuant to the requirement of the Miller Act, as amended, 40 U.S.C.A. § 270a and 270b, Tishman furnished a performance and payment bond with Maryland Casualty Company as surety, a co-defendant in this action.

Central, seeking recovery under the Miller Act, alleged in its original complaint both the original contract dated June 11, 1958 and the Supplemental Contract dated July 21, 1959. In its amended complaint, however, Central eliminated reference to the Supplemental Contract and relied solely upon the original contract.

Tishman, in its answer sets up certain affirmative defenses and three counterclaims based upon the Supplemental Contract between the parties dated July 21, 1959. In the third counterclaim Tishman alleges that Central and two proposed counterdefendants, Harry Meyerson, president, and Monroe Meyerson, executive vice-president of Central, knowingly made false representations to Tishman with respect to the "direct cost of performance" of Central's work up to July 21, 1959, which induced Tishman

to enter into the Supplemental Contract and thereafter to make substantial payments of money to Central to which it was not entitled.

Tishman now moves, pursuant to Rule 13(h), Fed.Rules Civ.Proc., 28 U.S.C.A., to make Harry and Monroe Meyerson counterdefendants in this third counterclaim upon the ground that their presence is required to grant complete relief therein.

Central admits that the counterclaim is compulsory in nature but opposes the application upon the ground that since the action is under the Miller Act, the Court has no jurisdiction to add the two Meyersons as counterdefendants in the absence of diversity of citizenship inasmuch as the claim against the Meyersons is an independent action and the scope of the Court's jurisdiction under the Act cannot be enlarged by the provisions of Rule 13(h).

Jurisdiction of this action is conferred upon the Court under Section 270a and 270b, 40 U.S.C.A., permitting any person furnishing labor and material under a Government contract to sue upon the payment bond required of the prime contractor. It is thus limited to claims arising under such contract.

When the jurisdiction of the Court over the subject matter of the original action is clear, it has been a long and well established principle that the Court has ancillary jurisdiction over a counterclaim or cross-claim arising out of the same transaction. Such a counterclaim is compulsory [Rule 13(a)] and, unlike a permissive counterclaim, requires no independent basis for federal jurisdiction. Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750; Lesnik v. Public Industrials Corporation, 2 Cir., 1944, 144 F.2d 968; United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213; Ciechanowicz v. Bowery Savings Bank, S.D.N.Y.1956, 19 F.R.D. 367; McKnight v. Halliburton Oil Well

Cementing Co., N.D.W.Va.1957, 20 F.R.D. 563; Markus v. Dillinger, E.D.Pa. 1961, 191 F.Supp. 732.

This concept of ancillary jurisdiction is not affected by the fact that the case happens to fall under the Miller Act. Such counterclaims have been consistently allowed in Miller Act cases "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Southern Construction Co. v. United States, 1962, 371 U.S. 57, 83 S.Ct. 108, 110; United States to Use and for Benefit of Foster Wheeler Corp v. American Surety Co. of New York, 2 Cir., 1944, 142 F.2d 726; James Stewart Co. v. Dennett-Robertson Electric, Inc., 9 Cir., 1961, 291 F.2d 147; United States for Use and Benefit of Los Angeles Testing Laboratory v. Rogers & Rogers, S.D.Cal.1958, 161 F.Supp. 132; United States for Use and Benefit of Claussen-Olson-Benner, Inc. v. Doolittle Construction, Inc., D.Neb.1961, 195 F.Supp. 537.

Granting that Tishman's counterclaim is compulsory in all respects, Central's argument is not completely answered by the enumeration of the above authorities since the two Meyersons are third parties between whom and Tishman there exists no contract for labor or material. Having acquired ancillary jurisdiction of the substantive claims between the parties by means of a compulsory counterclaim, Central apparently contends that the Court cannot extend this ancillary jurisdiction under Rule 13(h) to bring in third parties whose presence may be required to grant complete relief in the determination of this counterclaim. In support of this argument Central cites United States to Use of Baltimore Brick Co. v. John A. Johnson & Sons, Inc., D.Md.1945, 65 F.Supp. 514. In that case a supplier of brick, not a subcontractor, instituted an action under the Miller Act against the general contractor who in turn made the subcontractor who had purchased the brick, a third party to the suit. The subcon-

tractor in turn counterclaimed against the general contractor for the breach of a provision of the subcontract which required the general contractor to construct and pay for all temporary roads necessary to the proper performance of the subcontractor's work. The court dismissed the counterclaim, not upon the ground that it could not extend its jurisdiction to include third parties, but upon the ground that it never had jurisdiction over this counterclaim under the Miller Act because it did not relate to labor or material furnished under the general contract. Consequently, this case is no authority against the power of the Court to extend its ancillary jurisdiction to include third parties after it has once acquired such jurisdiction over the substantive claim under the Miller Act.

■ Both Meyersons are charged, along with Central, with fraud in the inducement of the Supplemental Contract of July 21, 1959 and the payment of monies made thereunder. While these proposed counterdefendants are not indispensable parties, they are necessary parties (Rule 19(b), Fed.Rules Civ.Proc., 28 U.S.C.A.) if complete relief is to be accorded to those who are already parties. Complete relief, avoidance of multiplicity of suits and economy of judicial action are the underlying objectives of Rules 13(h) and 19(b). "A liberal attitude toward the inclusion of parties is a necessary concomitant to the liberalized third-party practice authorized by the Federal Rules of Civil Procedure. The presence of these defendants is necessary to a complete adjudication of the issues involved in this litigation, which should not be retried at another time in another forum." United Artists Corp. v. Masterpiece Productions, Inc., supra (221 F.2d p. 217).

■ Once substantive jurisdiction over the counterclaim has been competently invoked, the provisions of Rule 13(h) may be similarly invoked in a Miller Act suit as in any other action. Lesnik v. Public Industrials Corporation,

supra, was not a Miller Act suit but the charge against the counterdefendants was similar. There an action was brought against a corporation upon a note secured by preferred stock of another company. The defendant corporation was permitted to interpose a counterclaim charging the plaintiff and certain third party defendants with fraud and conspiracy to acquire said preferred stock at ruinously low prices. The court held that the counterclaim was compulsory and that jurisdiction could be extended to include the third party defendants, stating: "Consequently the adding of parties under the rules has been viewed in the light of the ancient and well-established principle that a federal court has 'ancillary' jurisdiction to complete adjudication of interrelated matters where its jurisdiction has once been competently invoked." (144 F.2d pp. 973–974) United States for Use and Benefit of Los Angeles Testing Laboratories v. Rogers & Rogers, supra, was a Miller Act suit. There the plaintiff, a materialman, instituted an action against the prime contractor, who was permitted to assert a counterclaim not only against the plaintiff but also against the Government's architect who was brought in as an additional party counterdefendant, the court holding that "no independent or separate ground of federal jurisdiction is necessary as to such additional parties." (161 F.Supp. p. 134). Under Rule 13(h) additional parties may be brought in if "jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action." Both of these conditions can be satisfied in this case.

The Court concludes that since the counterclaim is compulsory, the ancillary jurisdiction thus acquired may be extended by the application of Rule 13(h) to include the two Meyersons as additional parties, regardless of an ensuing lack of diversity.

Settle order within ten (10) days on two (2) days' notice.