Michael P. GRACE, II, Plaintiff,

v.

Gerard L. CARROLL and Frank B. Cavanagh and Jerome H. P. Boucher as Executors of the Last Will and Testament of Joseph B. Murray, deceased, Defendants.

United States District Court
S. D. New York.
June 19, 1963.

Luxemburg & Wyle, New York City, by Harold L. Luxemburg and Henry I. Hamburger, New York City, of counsel, for plaintiff.

White & Case, New York City, by Harold A. Westcott and A. H. de Yampert, New York City, of counsel, for defendants.

Louis J. Lefkowitz, Atty. Gen., by P. Hodges Combier and Dean G. Braslow, New York City, of counsel, for Ultimate Charitable Beneficiaries.

EDELSTEIN, District Judge.

This is an action by the settlor of an *inter-vivos* trust to require the trustees to account for and pay over to plaintiff the corpus and income of the trust fund. Jurisdiction is based on diversity of citizenship. See 28 U.S.C. § 1332. The defendants, the surviving trustee and the executors of the estate of the deceased co-trustee, have moved pursuant to Rule 19(b), Fed.R.Civ.P.,[1] to join the Attorney General of the State of New York as a party defendant.[2]

The trust was created on October 9, 1945, and by its terms continued until its termination on November 1, 1960. The entire net income and not more than $150,000 of the principal was to be applied exclusively for religious, charitable and educational purposes. It is not disputed that the intention of the parties to the trust is that New York law governs its administration. Consequently, the defendants contend that joinder is required as the Attorney General's statutory obligation under New York law to represent the beneficiaries of charitable trusts renders him an indispensable party to this litigation.

The question of whether a State Attorney General is an indispensable party in a suit for an accounting in a Federal Court is, apparently, one of first impression. Although there is no direct precedent to compel a ready answer to the problem, the question of the State Attorney General's indispensability does not appear to be rife with complexity. The question, however, of what law to apply, whether state or Federal, in determining whether the Attorney General should be joined, is somewhat more complex. The defendants on the one hand have grounded their contention that the Attorney General is an indispensable party based on his obligation to represent *charitable beneficiaries under New York law.* Thus, defendants claim that the issue of indispensability is to be determined with reference to the substantive law of the state in which the Federal court, in a diversity case, is sitting. The plaintiff, on the other hand, claims that

1. Rule 19(a) and (b), Fed.R.Civ.P., provide:

    "(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

    "(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

2. Originally the defendants moved, pursuant to Rule 14 and 21, Fed.R.Civ.P., but on oral argument, after some questioning by the Court, the movants acknowledged that these rules were inapposite to the instant motion and that Rule 19 was the proper rule under which to proceed. Oral application was then made for permission to have the motion deemed made pursuant to Rule 19. No objection having been heard the application was granted.

the question of whether the Attorney General is an indispensable party is to be decided by the Federal courts in accordance with Federal law.

The plaintiff's position has weighty authority to support it. See 3 Moore, Federal Practice 2153 (2d ed. 1948);[3] Hertz v. Record Publishing Co., 219 F.2d 397 (3rd Cir. 1954), cert. denied, 349 U. S. 912, 75 S.Ct. 601, 99 L.Ed. 1247 (1955). The above authorities stand for the proposition that state court rules pertaining to the classification of parties are not controlling in the Federal courts and that the Federal courts will determine the questions of joinder according to their own procedural rules. But in deciding whether a party should be joined the Federal courts must determine whether complete relief can be afforded and circuity of action avoided without the addition of the party. This determination depends, of course, on the substantive rights created by the state law. Thus, in a well reasoned recent opinion, Judge Croake of this court held that " * * * when the question of indispensability involves relations stemming from the substantive law of the state, reference should be had to such law to determine the issue. * * *" Richmond Lace Works, Inc. v. Epstein, 31 F.R.D. 150 (S.D.N.Y.1962); Dunham v. Robertson, 198 F.2d 316 (10th Cir. 1952); Kroese v. General Steel Castings Corp., 179 F.2d 760 n. 1, 15 A.L.R.2d 1117 (3rd Cir. 1950). Compare 3 Ohlinger, Federal Practice 355 et seq. (1948). This analysis is consistent with the principle of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that Federal courts in diversity cases resolve issues of substantive law by reference to existing state law. Although a question of Federal civil procedure is here involved, the court cannot decide whether or not the Attorney Gen-

eral is an indispensable party without first looking to New York law to determine what interest, if any, the Attorney General may have in the charitable trust litigation. Only after the Attorney General's rights and duties under New York law are clarified will the Federal court be in a position to apply its procedural rules, see Fed.R.Civ.P. 17(a), 19, 20 and 23, to determine whether under its own procedural rules joinder is required.

The Tilden Act, Laws of 1893, Chapter 701, validated charitable trusts in the State of New York as to both real and personal property. One section of that act, which is still in effect, provides that "The attorney-general shall represent the beneficiaries in all such cases, and it shall be his duty to enforce such trusts by proper proceedings in the courts." N.Y. Personal Property Law McK.Consol.Laws, c. 41, § 12(3); New York Real Property Law McK.Consol. Laws, c. 50, § 113(3). The statute has been interpreted so as to "impose[s] upon the Attorney General the obligation to represent the beneficiaries and to enforce the trust by proper proceedings in the court * * *." Trustees of Sailors' Snug Harbor v. Carmody, 211 N.Y. 286, 300, 105 N.E. 543, 546 (1914); Allen v. Stevens, 161 N.Y. 122, 55 N.E. 568 (1899). The intent of the statute is to vest the Attorney General with respect to a charitable trust with all of the enforcement rights of the beneficiary of an express trust. People v. Powers, 8 Misc. 628, 29 N.Y.S. 950 (Sup.Ct.1894); Matter of Lachat's Estate, 184 Misc. 486, 52 N.Y.S.2d 445 (Surr.Ct.1944).

The form of the proceeding or action does not alter the duty of the Attorney General to protect the interests of the charitable beneficiaries and this protection is achieved by making him a party to the action. Rothschild v. Gold-

---

**3.** "Whether parties are indispensable should be determined by the federal court according to federal, rather than state rules, because while state law, in nonfederal matters, will determine the substantive rights of the parties, the matter of whether the joinder is proper or neces-

sary is in part a procedural one governed by Rules 17(a), 19, 20 and 23, and in other respects jurisdictional insofar as the classification of parties set out in ¶19.02 supra, is necessitated by the principles of federal jurisdiction and venue."

enberg, 58 App.Div. 499, 69 N.Y.S. 523 (1st Dept. 1901) ; In re Lachat's Estate, supra. For example, in an action to impress a trust upon certain funds representing contributions solicited for the erection of a war memorial the complaint was dismissed because the Attorney General, being the only party who could enforce a charitable trust, was not a party to the action. Balluffi v. Montross, 199 Misc. 220, 102 N.Y.S.2d 543 (Sup.Ct. 1950). So strong is New York's policy requiring the participation of the Attorney General in charitable trust litigation that it has been held that he is not precluded from relitigating the issues in the New York State courts if he is not made a party to an action involving charitable trusts. In re Potter's Will, 307 N.Y. 504, 512, 121 N.E.2d 522, 525 (1954).

The Federal courts deem a party to be indispensable if "his interest is such that a decree cannot be rendered that will not affect his interest, or if such party's absence leaves the controversy in such a condition that its final determination is wholly inconsistent with equity and good conscience." 3 Moore, Federal Practice, 2150 (2d ed. 1948) ; Shields v. Barrow, 17 How. 129, (U.S.) 15 L.Ed. 158 (1854) ; Trans-Pacific Corp. v. South Seas Enterprises, Ltd., 291 F.2d 435, 436 (9th Cir. 1961). On the basis of this simple governing principle, it is quite clear that the Attorney General is an indispensable party in this litigation and must be joined. The plaintiff claims to be entitled to receive the entire trust principal and income balance held in trust. However, the respective interests of the plaintiff and the charities are adverse and any controversy arising out of the settlement of the trust estate should be settled in this litigation. In addition, any dispute concerning the trustee's allocation between principal and income received during the trust term, if it arises, should include the Attorney General's participation, since under New York law he is entitled to a formal accounting by these Trustees and can compel the Trustees to settle their accounts in a separate action in which they would be parties. To leave the Attorney General stand on the sidelines would permit an adjudication of the interests of the charitable beneficiaries without providing an opportunity to have their interest represented. Such a decree, made in the absence of the Attorney General, could injuriously affect his representative interest and a final adjudication would not achieve the complete relief, avoidance of multiplicity of suits and economy of judicial action which are the objectives of Rule 19(b). United States for Use and Benefit of Central Rigging & Contracting Corp. v. Paul Tishman Co., 32 F.R.D. 223 (E.D.N.Y.1963). The Attorney General is an indispensable party to this proceeding and should be joined. See 2 Moore, Federal Practice 2150 et seq. (1962 ed.).

Plaintiff, nevertheless, asserts that the trust has terminated and by its terms the Trustees may not make payments to beneficiaries or allocate funds for their benefit beyond the trust year when income is received. Plaintiff therefore urges that the interests of the charitable beneficiaries have terminated and that their representation is no longer required. This contention cannot prevail, however, because there is more than $102,000 in income remaining in the trust which the surviving Trustee seeks to distribute to the charitable beneficiaries, and it is the duty of the Attorney General to represent the interests of the charitable beneficiaries and to enforce whatever claims they might have to that income balance. Cf. Rothschild v. Goldenberg, supra. Plaintiff relies on Lewis v. Quality Coal Corp., 243 F.2d 760 (7th Cir. 1957), cert denied, 355 U.S. 882, 78 S.Ct. 149, 2 L.Ed.2d 113 (1957), but Lewis is totally inapposite with relation to the facts of the instant case.

The Attorney General has suggested that the best procedural route to follow would be to interplead the two claimants to the fund held by the Trustees pursuant to Rule 22, Fed.R.Civ.P.

**274**

and 28 U.S.C. § 1335. However, this alternative procedure cannot be effectuated here because the disinterested stakeholder is the only party who can seek interpleader and the stakeholders here, the Trustees, have not done so. Furthermore, it is a prerequisite to the granting of an interpleader motion that the stakeholder pay into court the money or property to which there are adverse claims. Metal Transport Corp. v. Pacific Venture Steam Corp., 288 F.2d 363 (2d Cir. 1961); Gannon v. American Airlines, Inc., 251 F.2d 476 (10th Cir. 1958), and this has not been done.

Accordingly, defendants motion to join the Attorney General of the State of New York as a party defendant is granted. Settle order on ten days' notice.