# LEHIGH VALLEY RAILROAD COMPANY *v.* UNITED STATES.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 124. Argued March 23, 1917.—Decided April 9, 1917.

Forwarders who under contract with importers of goods look after the transportation from origin abroad to destination in this country, charging the owners amounts agreed upon in advance for the transportation and the services rendered and consigning the goods in their own names to themselves as consignees, are the shippers of the goods so far as concerns their relations with the interstate carrier over whose line the consignments go.

Any allowance by the interstate carrier to the forwarder in reduction of the regular tariff rates on goods shipped by the forwarder over the carrier's line, whether it be by deducting a percentage of the freight or by commissions and salary from carrier to forwarder, is condemned by § 6 of the Act to Regulate Commerce, as amended by the Act of June 29, 1906, c. 3591, § 2, 34 Stat. 586, 587, and also, *semble*, by § 2 of the original act, c. 104, 24 Stat. 379.

Services rendered by the forwarder to the carrier in maintaining offices, advertising the railroad and soliciting traffic over it are not services connected with the transportation for which an allowance may be made by the carrier under § 15 of the Act to Regulate Commerce, as amended by the Act of June 29, 1906, *supra*, § 4, 34 Stat. 589. *Interstate Commerce Commission v. Peavey & Co.*, 222 U. S. 42, distinguished.

222 Fed. Rep. 685, affirmed.

THE case is stated in the opinion.

Mr. *George T. Buckingham*, with whom Mr. *Edgar H. Boles*, Mr. *Stewart C. Pratt* and Mr. *Allan McCulloh* were on the brief, for appellant.

Mr. *Assistant to the Attorney General Todd* for the United States.

*Mr. Joseph W. Folk* and *Mr. Charles W. Needham*, by leave of court, filed a brief on behalf of the Interstate Commerce Commission.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding instituted by direction of the Attorney General at the request of the Interstate Commerce Commission to prevent the appellant railroad from carrying freight at less than its published rates on file. The case was heard upon bill and answer and a stipulation, and the question is whether the facts warrant an injunction, as matter of law.

George W. Sheldon and Company is an Illinois corporation engaged in forwarding, or bringing goods for importers from the place of purchase in Europe to their destination in the United States and charging the importers for the transportation and such other services as it may perform. Of course the expectation is that it will make a profit from the transaction, although from the uncertainty of ocean freight charges it may lose, as the contract is made in advance. By arrangement with the appellant, so far as it is able it sends the goods over the appellant's line, and for doing so receives from it a varying percentage upon the published rates and also a salary of $5,000 a year. These' payments by the appellant are the ground of the bill. The District Court issued an injunction as prayed. 222 Fed. Rep. 685.

As toward the railroad, George W. Sheldon and Company is consignor and consignee, and although it may be in no case the owner, that does not concern the appellant. Upon the admitted facts there can be no doubt and it is not denied that it is to all legal intents the shipper of the goods. *Interstate Commerce Commission* v. *Delaware, Lackawanna & Western R. R. Co.*, 220 U. S. 235. *Great Northern Ry. Co.* v. *O'Connor*, 232 U. S. 508. If the shipper

were the owner an allowance to him of a percentage upon the freight as an inducement to ship by that line, however honest and however justifiable on commercial principles, would be contrary to the Act to Regulate Commerce as it now stands. Act of June 29, 1906, c. 3591, § 2, 34 Stat. 586, 587, amending § 6 of the original act, &c. See also the original Act of February 4, 1887, c. 104, § 2, 24 Stat. 379. *Wight* v. *United States,* 167 U. S. 512. But the above cases show that the carrier cannot inquire whether the shipper is the owner and therefore the statute expresses a necessary policy when it forbids in universal terms refunding in any manner any portion of the rates specified in the published tariffs or extending to "any shipper" any privilege not so specified. Of course it does not matter whether the allowance takes the form of a deduction or a crosspayment. Any payment made by a carrier to a shipper in consideration of his shipping goods over the carrier's line comes within the prohibiting words.

It is true no doubt that George W. Sheldon and Company in the performance of the services for which it is paid maintains offices here and abroad, advertises the Railroad, solicits traffic for it, does various other useful things, and, in short, we assume, benefits the road and earns its money, if it were allowable to earn money in that way. It is true also that in *Interstate Commerce Commission* v. *F. H. Peavey & Co.,* 222 U. S. 42, an owner of property transported was held entitled under § 15 of the Act to Regulate Commerce to an allowance for furnishing a part of the transportation that the carrier was bound to furnish. (So *Union Pacific R. R. Co.* v. *Updike Grain Co.,* 222 U. S. 215, and *United States* v. *Baltimore & Ohio R. R. Co.,* 231 U. S. 274.) But that case goes to the verge of what is permitted by the act. The services rendered by George W. Sheldon and Company, although in a practical sense "connected with such transportation," were not connected with it as a necessary part of the carriage—were

not "transportation service," in the language of *Union Pacific R. R. Co.* v. *Updike Grain Co.*, 222 U. S. 215, 220—and in our opinion were not such services as were contemplated in the Act of June 29, 1906, c. 3591, § 4, 34 Stat. 589, amending § 15 of the original act. On the other hand the allowance for them falls within the plain meaning of § 2 of the Act of 1906, to which we referred above.

There is some criticism of the form of the decree, but it prohibits with sufficient plainness all payments to George W. Sheldon and Company, whether by way of salary, commission, or otherwise, in consideration of the shipment of goods by George W. Sheldon and Company over the appellant's line.

*Decree affirmed.*