UNITED STATES of America for the Use and Benefit of Peter T. KASHULINES, t/a the Big Three Contracting Corporation, Plaintiff,

v.

THERMO CONTRACTING CORP. and International Fidelity Insurance Company, Defendants,

v.

Alexander P. KUELLER and Peggy D. Kueller, Third-Party Defendants.

Civ. A. No. 621–73.

United States District Court, D. New Jersey.

July 12, 1976.

D. Vincent Lazzaro, Blackwood, N. J., for plaintiff.

Robert A. Baron, Englewood, N. J., David N. Samson, West Orange, N. J., for defendants.

## OPINION

BROTMAN, District Judge.

■ This action under the Miller Act, 40 U.S.C. §§ 270a–270d, is brought by Kashulines, a subcontractor, against his contractor, Thermo, and his contractor's surety, International, for $84,000 allegedly remaining unpaid from work done on Thermo's federal contract. The work involved refurbishing a fire protection station on Ascension Island.[1] Thermo counterclaimed for $96,000, $20,000 representing damages from the same work at Ascension Island, the balance comprised of other claims from other contracts between the two. Kashulines now moves to strike the counterclaim.

■ Plaintiff advances two arguments. First, the Miller Act specially restricts venue to districts in which the work is "performed and executed," 40 U.S.C. § 270b(b), and this venue restriction should not be destroyed by allowing counterclaims arising from work at distant locations, he urges. But venue has never been a significant consideration for counterclaims. The federal venue statute, 28 U.S.C. § 1391, prescribes the places where a suit may be "brought," and that statute has been strictly construed to apply only to the initiation of suit rather than to counterclaims. *See* 6 Wright & Miller, *Federal Practice and Procedure* [hereinafter cited as "Wright & Miller"] §§ 1416, 1424 (1971). It is true that the venue provision in the Miller Act, while using the same phrasing as 28 U.S.C.

1. Some question may be raised whether this action falls under the Miller Act. 40 U.S.C. § 270b(b) provides:

> "(b) Every suit instituted under this section shall be brought . . . in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy . . . .."

Ascension Island is a British possession in the southern part of the Atlantic Ocean, and thus does not lie within any judicial district of the United States. In *United States ex rel. Bryant Electric Co. v. Aetna Casualty & Surety Co.*, 297 F.2d 665, 669 (2nd Cir. 1962), the Second Circuit held the Miller Act inapplicable to contracts performed beyond the jurisdiction of the United States. The court found jurisdiction under 28 U.S.C. § 1352, which reads:

> "The district courts shall have . . . jurisdiction . . . of any action on a bond executed under any law of the United States."

The *Bryant Electric* court therefore did not reach the question of whether the geographical limitation in § 270b(b) is jurisdictional, and hence non-waivable, or pertaining to venue, and therefore waivable. However, subsequent law establishes that § 270b(b) is merely a venue requirement, *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 125, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), and since neither defendant has interposed a timely objection to venue, the defect is waived. Fed. R.Civ.P. 12(g), (h)(1); *Bryant Electric, supra.* Accordingly, the suit seems properly maintainable under the Miller Act. *See also United States ex rel. Bailey-Lewis-Williams of Florida, Inc. v. Peter Kiewit Sons Co.*, 195 F.Supp. 752 (D. D.C. 1961), aff'd sub nom.. *Indemnity Insurance Co. of North America v. United States ex rel. Bailey-Lewis-Williams of Florida, Inc.*, 112 U.S.App.D.C. 99, 299 F.2d 930 (1962) (per curiam).

§ 1391, may offer the plaintiff fewer choices than the latter statute.[2] Nevertheless, the venue provision in the Miller Act exists for the protection of defendants, *Electronic & Missile Facilities, Inc. v. United States ex rel. Moseley*, 306 F.2d 554, 556 (5th Cir. 1962), *rev'd on other grounds*, 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 318 (1963), and "[t]he setting up of a counterclaim against one already in a court of his own choosing is very different, in respect to venue, from hailing him into that court." *General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 435, 53 S.Ct. 202, 204, 77 L.Ed. 408 (1932). So the plaintiff's first contention must be rejected.

Plaintiff's second argument is that the counterclaims relating to contracts other than the contract which forms the basis of the plaintiff's claim should not be entertained in a Miller Act case, and that to allow these counterclaims would expand the jurisdiction of the federal courts. To analyze this assertion, the counterclaims must be separated into the compulsory and permissive categories defined by sections (a) and (b) of Federal Rule of Civil Procedure 13, and the doctrine of ancillary jurisdiction must be invoked. By the

> "ill-defined concept of 'ancillary jurisdiction' . . . a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the disposition of the matter properly before it, it may decide other matters raised by the case of which it could not take cognizance were they independently presented." 13 Wright & Miller § 3523 (1975).

 It is elementary that if a counterclaim is a compulsory response to a main claim properly invoking the jurisdiction of a federal court, the counterclaim is within the ancillary jurisdiction of the court. *E. g., Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974); 6 Wright & Miller §§ 1409, 1414, 1422; 12 Wright & Miller § 3523 at 66. A compulsory counterclaim is one that "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed.R.Civ.P. 13(a); 6 Wright & Miller § 1410. The cases establish that in a Miller Act case, a claim arising out of the same contract as does the plaintiff's claim is a compulsory counterclaim which lies within the ancillary jurisdiction of the court. *E. g., United States ex rel. Foster Wheeler Corp. v. American Surety Co.*, 142 F.2d 726 (2nd Cir. 1944); *United States ex rel. D'Agostino Excavators, Inc. v. Heyward-Robinson Co.*, 430 F.2d 1077, 1082 (2nd Cir. 1970), *cert. denied*, 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971) [hereinafter cited as *Heyward-Robinson*]; *United States ex rel. Central Rigging & Contracting Corp. v. Paul Tishman Co.*, 32 F.R.D. 223 (E.D.N.Y.1963); *see Southern Construction Co. v. Pickard*, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). Since in the case at bar, $20,000 of the counterclaim relates to the same work at Ascension Island which is the subject of the plaintiff's claim, to that extent defendant Thermo's counterclaim is compulsory[3] and lies within the ancillary jurisdiction of the court. Plaintiff in any event does not object to this claim.

 A permissive counterclaim, on the other hand, is one that does *not* arise out of the same transaction or occurrence

---

**2.** 28 U.S.C. § 1391(b), (c) provides that in a non-diversity case, venue is proper not only in the district in which the claim arose, but also in any district where all the defendants are doing business. *See United States ex rel. Capolino Sons, Inc. v. Electronic & Missile Facilities, Inc.*, 364 F.2d 705, 707 n.2 (2nd Cir.), *cert. denied*, 385 U.S. 924, 87 S.Ct. 239, 17 L.Ed.2d 148 (1966).

**3.** A counterclaim is not compulsory "if . . at the time the action was commenced the claim was the subject of another pending action. . . ." Fed.R.Civ.P. 13(a); *Baker v. Gold Seal Liquors, Inc.*, text *supra*. The plaintiff and the defendant Thermo are engaged in concurrent litigation in the state courts, but counsel for defendant Thermo represents in his brief that the parties have voluntarily dismissed from that suit the claims which are the subject matter of this case. Should the timing of that dismissal eventually become material in determining whether Thermo's $20,000 counterclaim is in fact compulsory, the question can be confronted on that occasion.

furnishing the subject matter of the plaintiff's claim. Fed.R.Civ.P. 13(b); 6 Wright & Miller § 1420. Rule 13(b) by its terms grants the defendant an unqualified right to interpose these unrelated claims, and the court possesses no discretion to reject them. *Montecatini Edison, S.P.A. v. Ziegler*, 486 F.2d 1279, 1282 (D.C.Cir. 1973). However, in contrast to a compulsory counterclaim, a permissive counterclaim ordinarily must be supported by an independent source of jurisdiction. 6 Wright & Miller § 1422; *Sachs v. Sachs*, 265 F.2d 31 (3rd Cir. 1959).[4] In this case defendant Thermo's other counterclaims, aggregating $76,000 for work other than the Ascension Island contract, are permissive. Since both plaintiff and defendant Thermo are citizens of New Jersey, the federal diversity jurisdiction is unavailable.

However, there is one important exception to the rule that permissive counterclaims require independent jurisdictional bases: set-offs, claims to reduce the plaintiff's claim rather than secure affirmative relief, are within the court's ancillary jurisdiction for this limited purpose. *E. g., Heyward-Robinson, supra* at 1080–81 n.1 (dictum); *Newburger, Loeb & Co., Inc. v. Gross*, 365 F.Supp. 1364, 1367 (S.D.N.Y. 1973); *Sherburne Corp. v. Ohio Spring Specialties, Inc.*, 13 F.R. Serv.2d 13b.22, Case 1, 163 USPQ 362 (N.D.Ohio 1969); 3 *Moore's Federal Practice* ¶ 13.19[1] at 481–83 n.4 (1974 & Supp.1975); 6 Wright & Miller § 1422 at 122; 13 Wright & Miller § 3523 at 67. The limits of ancillary jurisdiction are unclear since the Supreme Court has not spoken on the subject since 1926, *id.* at 63–64, but there is "probably . . . a present consensus, although . . . no unanimity" as to this exception. *Id.* at 66–67.

Applying this principle, defendant Thermo would be entitled to offset its permissive counterclaims, if proved, against any claims proved by the plaintiff; but its affirmative recovery would be limited to the amount, if any, of its compulsory counterclaims sustained, since only its compulsory counterclaims lie within the plenary jurisdiction of the court. Accepting this as the result that would obtain in a non-Miller Act case, the sole remaining question is whether the fact that the plaintiff's action arises under the Miller Act changes anything. The court concludes that it does not.

The essence of the plaintiff's argument is that since the Miller Act is designed to protect subcontractors on federal construction projects, the federal rules of civil procedure should not operate to subject a Miller Act plaintiff to permissive counterclaims. It is suggested that the jurisdiction conferred by the Miller Act is limited, and that to apply Rule 13(b) in a Miller Act case would impermissibly expand the jurisdiction of the federal courts.

The contention that permissive counterclaims should not be entertained in certain cases was also advanced recently in *Montecatini Edison, S.P.A. v. Ziegler*, 159 U.S. App.D.C. 19, 486 F.2d 1279 (1973). There a plaintiff in a highly specialized patent action[5] argued that the rules should not embrace permissive non-federal counterclaims in "special statutory proceedings," *id.* at 1285; the plaintiff offered the Miller Act as one example of such a proceeding. The United States Court of Appeals for the District of Columbia Circuit rejected the argument. It first noted that Rule 1 of the federal rules of civil procedure makes Rule 13 applicable "to all suits of a civil nature . . . with the exceptions stated in Rule 81," which are not here relevant. And it further noted that

4. Although the Supreme Court has not specifically held that permissive counterclaims require independent jurisdictional bases, that is the uniform view of the lower federal courts that have considered the matter, as the discussion in Wright & Miller indicates. *But see Heyward-Robinson*, text *supra* at 1088–89 (Friendly, J., concurring).

5. 35 U.S.C. § 146. That section allows any party to a proceeding before the Board of Patent Interferences, if dissatisfied with the Board's award, to bring a civil action to obtain an adjudication of its rights to a patent.

"The objective of the Federal Rules with respect to counterclaims is to provide complete relief to the parties, to conserve judicial resources and to avoid the proliferation of lawsuits. [Citations omitted.] Thus, [plaintiff] assumes a great burden in attempting to persuade this court that the usual rule as to permissive counterclaims should not apply in a ['special statutory'] proceeding." *Id.* at 1282.

After reviewing the cases cited in support of the plaintiff's argument, the court concluded:

"Appellee has failed to establish any general prohibition against permissive counterclaims in special statutory proceedings." *Id.* at 1286.

So the first part of the plaintiff's argument is unconvincing.

■ Turning to jurisdiction, plaintiff likewise bears a heavy burden in seeking to establish that jurisdiction over the permissive counterclaims should not exist to the limited extent of a set-off. Plaintiff has been unable to carry this burden. The rule that set-offs lie within the ancillary jurisdiction of the court is not restricted by the authorities which develop the rule, *supra,* to particular causes of action or grants of jurisdiction. Nor does there appear any reason in policy to so hold, since both the doctrine of ancillary jurisdiction in general, and the rationale for its extension to set-offs, would appear to apply equally to the range of civil actions comprehended by the rules. *See generally* 13 Wright & Miller § 3523; 3 *Moore's Federal Practice* ¶ 13.-19[1] (1974). It is especially noteworthy in this regard that *Heyward-Robinson, supra* at 1081 n. 1, approved the exception for set-offs in a Miller Act case without mention.

6. Since the recognition of the exception that a set-off requires no independent jurisdictional grounds has occurred relatively recently in the law, *see Heyward-Robinson,* text *supra* at 1088 (Friendly, J., concurring), an occasional older case suggesting that permissive counterclaims cannot be entertained in Miller Act cases must be overlooked. *E. g., United States ex rel.*

Finally, the case of *United States ex rel. Payne v. United Pacific Insurance Co.,* 472 F.2d 792 (9th Cir.), *cert. denied,* 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958 (1973), does not support the plaintiff's position. There the subcontractor named only the surety as defendant, and the surety brought a third-party complaint against the contractor. The third-party complaint sought recovery not only for the Miller Act claims but for unrelated claims as well. The Court of Appeals held that the unrelated claims were not within the ancillary jurisdiction of the court, and, in the absence of independent jurisdictional grounds, should have been dismissed. But that decision rested on the rules of impleader, and the alignment of the parties precluded a finding of ancillary jurisdiction by way of the exceptions for set-offs. Consequently, that case offers no backing for the proposition that permissive claims may not be supported by ancillary jurisdiction.[6]

Accordingly, the plaintiff's motion will be denied. Defendant Thermo may try all its counterclaims in this court, but its affirmative recovery will be limited to the amount of compulsory counterclaims, if any, sustained, as set forth earlier in this opinion.

Counsel for defendant Thermo shall submit an appropriate order.

*Baltimore Brick Co. v. John A. Johnson & Sons, Inc.,* 65 F.Supp. 514, 531 (D.Md.1945), *aff'd,* 153 F.2d 534 (4th Cir.), *cert. denied,* 328 U.S. 865, 66 S.Ct. 1372, 90 L.Ed. 1636 (1946); *United States ex rel. Pacific Coast Engineering Co. v. Maryland Casualty Co.,* 10 F.Supp. 982 (W.D.Cal.1935).